578 F.2d 1273
 Charles B. BLACKMAR, Trustee of Liberty's Investment for
Employees, and Charles B. Blackmar, Trustee of
Incentive Trust, Plaintiff-Appellant,
v.
David B. LICHTENSTEIN, Sr., William A. Gerard, Lyle S.
Woodcock, Sidney N. Held, David B. Lichtenstein, Jr., Oscar
H. Love, Carl A. Algren, and American National Bank in St.
Louis, Defendants-Appellees,
John W. Knox and Everett B. Best, Movants-Appellees.
 No. 77-1855.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 17, 1978.
Decided July 6, 1978.
 
 1
 William I. Rutherford of Lashly, Caruthers, Thies, Rava & Hamel, Clayton, Mo., for appellant; Albert H. Hamel and Mark D. Mittleman, Clayton, Mo., on brief.
 
 
 2
 Thomas E. Wack, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for appellee, Lichenstein; William J. Travis, and Robert S. Allen and Kathianne Knaup of Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., on brief.
 
 
 3
 John B. Carothers, Thompson, Walther, Shewmaker & Gaebe, St. Louis, Mo., for appellee, American National Bank; Harold C. Gaebe, St. Louis, Mo., on brief.
 
 
 4
 John G. Gianoulakis of Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for appellees, Knox and Best; Cynthia C. Bottini and Carroll J. Donohue, Robert J. Domrese and James V. Stepleton of Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., on brief.
 
 
 5
 Before HEANEY and HENLEY, Circuit Judges, and HANSON, Senior District Judge.*
 
 
 6
 HANSON, Senior District Judge.
 
 
 7
 Blackmar appeals from an order of the district court finding that his complaint as to all defendants failed to state a cause of action pursuant to Section 10(b) of the Securities Exchange Act of 1934. We hold that the district court, in dismissing the complaint for lack of subject matter jurisdiction, overlooked and failed to rule upon an issue of real party in interest, an issue that should have been considered prior to the merits and must be considered before further appeal.
 
 
 8
 The procedural facts underlying the case are critical, though not complex. Blackmar, on May 1, 1976, was appointed by the new management of Liberty Loan Corporation as successor trustee of Liberty's Investment for Employees (The "LIFE" Trust) and Liberty's Incentive Trust (The Incentive Trust), both of which are profit-sharing trusts for Liberty employees. The trusts at that time were insolvent, and Blackmar was hired to investigate possible legal action for mishandling of the trust funds by former officers, directors, and major stockholders of Liberty and former trustees of the trusts.
 
 
 9
 On July 29, 1976, Blackmar filed the original complaint in federal district court. The complaint, which alleged that the former trustees had failed to diversify trust investments and fraudulently schemed to inflate Liberty stock, was in four counts. Two counts were rooted in Section 10(b) of the 1934 Act, and Rule 10b-5 promulgated thereunder; the other two counts, by way of pendent jurisdiction, sought relief under state law for violations of fiduciary duties.
 
 
 10
 On January 12, 1977, Blackmar advised the management of Liberty that he would seek leave to file an amended complaint joining Liberty as a party defendant to the pending lawsuit. Liberty, within a few hours thereafter, informed Blackmar that he would be removed as trustee. By January 14, 1977, Liberty had appointed Knox and Best as trustees of the LIFE Trust and the Incentive Trust, respectively.
 
 
 11
 Movants Knox and Best filed an April 11, 1977 motion for substitution pursuant to Rule 25(c) of the Federal Rules of Civil Procedure,[1] requesting that the district court substitute them for Blackmar as parties plaintiff. They stated that pursuant to provisions of the trust instruments, Blackmar "(had) been removed as trustee of both said trusts, effective January 13, 1977, by resolution of the Executive Committee of the Board of Directors of Liberty Loan Corporation." This resolution, which was subsequently ratified by the entire Board of Directors on January 25, 1977, is alleged to have legitimately terminated any interest that Blackmar may have had as trustee in this litigation. Blassie v. Kroger Co., 345 F.2d 58 (8th Cir. 1965); Raffety v. Parker, 241 F.2d 594 (8th Cir. 1957).
 
 
 12
 Knox and Best were neither the first nor the only litigants to raise a question regarding the proper party plaintiff in this lawsuit. Defendants in answering the complaint affirmatively pleaded lack of capacity pursuant to Rule 9(a) of the Federal Rules of Civil Procedure, a means for raising the matter of real party in interest under Rule 17.[2] On April 26, 1977, certain employee beneficiaries of the trusts in question filed a motion of intervention. Finally, plaintiff, in his May 13, 1977 motion and application for instructions, requested direction with respect to his possible status and duties as trustee.
 
 
 13
 In its ruling of September 26, 1977, the district court first presumed that plaintiff trustee had standing as a purchaser or seller of securities under the 1934 Act. It then went forward to sustain defendants' motion to dismiss on the ground that a federal cause of action, which was also necessary to the pendent state counts, had not been stated.
 
 
 14
 No ruling, however, was made with respect to the proper party plaintiff. The motions for substitution, intervention, and instructions were summarily denied as "moot". Also denied was Blackmar's leave to amend the complaint, as the district court had reviewed the proposed unfiled amended complaint under seal, for asserted reasons of privilege, and determined that it did not cure the deficiency of the original complaint.
 
 
 15
 Blackmar subsequently filed timely motions to alter or amend the judgment and requested leave to file a second amended complaint. The motions were overruled. In refusing to permit the proposed amended complaint to be filed, the court held that plaintiff had still failed to set forth any federal claim upon which relief could be granted.
 
 
 16
 Our concern herein is not the standing of plaintiff to sue under the Securities Act of 1934, but his status pursuant to pertinent trustee law to bring this case as a real party in interest. To presume real party in interest, in addition to presuming standing to sue under the federal securities law, is not to engage in that "prudential exercise" of jurisdiction which the United States Supreme Court has recently required of federal courts. Singleton v. Wulff, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); Warth v. Seldin, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Middlewest Motor Freight Bureau v. United States, 525 F.2d 681 (8th Cir. 1975). Resolution of this case on the unsupported basis that Blackmar is the proper plaintiff is clearly premature decisionmaking rooted in hypothesis and conjecture. Indeed, the record remains undisputed that if Knox and Best are the proper party plaintiffs, and there is no finding otherwise, they would pursue this action in state court. The federal court would have no case before it.
 
 
 17
 Moreover, in overlooking the real party in interest issue, the district court failed to enter a ruling that was a condition precedent to proper appeal. Inquiries with regard to the proper party plaintiff could not be mooted by a ruling on the sufficiency of the complaint, for a question remained as to which litigant could or should appeal. Similarly, Blackmar's request as to the rights and duties as possible trustee was not mooted, but merely left unanswered.
 
 
 18
 We refuse to enter into a tenuous and uncertain area of federal securities law on the presumption that Blackmar is the proper plaintiff. See, e. g., Daniel v. International Brotherhood of Teamsters, 561 F.2d 1223 (7th Cir. 1977), Cert. granted, 434 U.S. 1061, 98 S.Ct. 1232, 55 L.Ed.2d 761 (1978). Lack of capacity to sue is a bar to any legal action, and, even had the real party issue gone unnoticed, we would disallow waiver by the defendant where the rights of beneficiaries not presently parties to the litigation are involved. Brown v. Keller, 274 F.2d 779 (6th Cir. 1960); E. Brooke Matlack, Inc. V. Walrath, 24 F.R.D. 263 (D.Md.1959); Kithcart v. Metropolitan Life Ins. Co., 150 F.2d 997 (8th Cir. 1945). It is to be further noted that the district court ruling was predicated upon a motion to dismiss, a motion preliminary in nature and not accompanied by factual matter that would permit dispositive treatment of the real party issue. Fed.R.Civ.P. 12(b), 56(c); Cf. Golub v. P.P.D. Corporation, No. 77-1687, 576 F.2d 759 (8th Cir. May 11, 1978).
 
 
 19
 Because this is not a matter of form over substance, the case must be returned to the district court for a finding as to real party in interest. Chicago & Northwestern Transp. Co. v. Negus-Sweenie, 549 F.2d 47 (8th Cir. 1977); U.S. ex rel. United Brotherhood of Carpenters & Joiners Local Union No. 2028 v. Woerfel Corp., 545 F.2d 1148 (8th Cir. 1976). Hence, without prejudice to the parties' ability to renew their motions after further proceedings below, we reverse all rulings and remand the case to the district court.
 
 
 
 *
 The Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 Rule 25(c) of the Federal Rules of Civil Procedure provides in part:
 In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. . . .
 
 
 [2]
 Rule 9(a) of the Federal Rules of Civil Procedure provides in part:
 When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by special negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.
 Rule 17(a) provides in part:
 Every action shall be prosecuted in the name of the real party in interest. . . .
 Defendants did not pursue this particular affirmative defense, possibly believing that the alleged lack of standing to sue under the Act of 1934 was a sufficient defense against whomever might be the proper plaintiff.