488 F.Supp. 259 (1980)
John W. KNOX, Everett B. Best, et al., Plaintiffs,
v.
AMERICAN NATIONAL BANK IN ST. LOUIS et al., Defendants.
No. 76-685C(2).
United States District Court, E. D. Missouri, E. D.
March 14, 1980.
*260 John Gianoulakis, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, Mo., for plaintiffs.
Harold C. Gaebe, Thompson, Walther, Gaebe & Frank, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is presently before the Court on the motion of defendant American National Bank ("the Bank") for a permanent injunction and the motion of plaintiffs for relief from this Court's Order of October 5, 1979. This case has had a long and tortured history in which very little has been accomplished. That history was traced in this Court's Order of October 5, 1979, and will not be repeated here. For present purposes, it is sufficient to merely add what has occurred since that date.
On October 10, 1979, plaintiffs filed suit in state court against the Bank, alleging common law causes of action arising out of the same transactions which formed the basis of this suit. The Bank now seeks to enjoin the prosecution of that suit, and plaintiffs, in turn, seek to amend this Court's previous Order to make clear their right to proceed with the state court action.
In light of this Court's previous rulings in this case, neither of the instant motions will be granted. As to the Bank, this suit alleges violations of the federal securities laws. Prior to complications concerning the real party in interest, this Court ruled that these claims must be dismissed as to the Bank due to a failure to allege with particularity the fraud allegedly committed by the Bank. Blackmar v. Lichtenstein, 438 F.Supp. 803 (E.D.Mo.1977). This dismissal was specifically noted to be without prejudice.
After the real party in interest issue was resolved, the Bank renewed this ground for dismissal. At the same time, plaintiffs sought to bind the Bank to a stipulation of dismissal without prejudice which would preserve plaintiffs' claims notwithstanding the time which had elapsed since this suit was filed. In ruling on these motions, this Court may have overlooked plaintiffs' representations that a suit would be filed in state court against the Bank. This omission is not significant for purposes of ruling on the instant motions, however.
It is clear that the state court suit now pending is not barred by the prior dismissal of this suit. In dismissing this suit in October, this Court merely reiterated its prior dismissal. That dismissal was for a failure to allege fraud with particularity and was clearly without prejudice. The present dismissal was on the same grounds, and though it was not specified as "without prejudice", it is clear that a dismissal for such a procedural defect does not operate as an adjudication on the merits. Res judicata therefore is inapplicable. Clegg v. United States, 112 F.2d 886 (10th Cir. 1940); Moore's Federal Practice, 2d Ed., Volume 1B, ¶ .409[1], p. 1003. The Bank's motion to enjoin the state court proceedings will be denied.
Plaintiffs' motion for relief from this Court's Order of October 5, 1979 will also be denied. The prior discussion moots the bulk of plaintiffs' requested relief. As to plaintiffs' request that the Bank be bound by the stipulation entered into by the other parties, plaintiffs have offered no substantial grounds for reconsideration of this Court's prior decision. Whether or not the presently pending state court action is barred by the statute of limitations or laches should be resolved in the state court free of any stipulation to which the Bank has not agreed.