John W. KNOX and Everett B.
Best, Appellees,

v.

David B. LICHTENSTEIN, Sr., William A.
Gerard, Lyle S. Woodcock, Sidney N.
Held, David B. Lichtenstein, Jr., Oscar
H. Love, Carl A. Algren, American National Bank in St. Louis, Appellant.

No. 80–1351.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1981.

Decided July 21, 1981.

Rehearing and Rehearing Denied
Sept. 2, 1981.
Rehearing Denied Sept. 22, 1981.
See 661 F.2d 693.

Kohn, Shands, Elbert, Gianoulakis & Giljum, John Gianoulakis, John A. Klobasa and Terry Lueckenhoff, St. Louis, Mo., for appellees.

Thompson, Walther, Gaebe & Frank, Harold C. Gaebe, Jr., Keith D. Patten, St. Louis, Mo., for appellant.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

American National Bank (the Bank) appeals from an order of the United States District Court for the Eastern District of Missouri[1] denying the Bank's motion to permanently enjoin appellees John W. Knox

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

and Everett B. Best (hereinafter trustees) from proceeding with a civil action for breach of fiduciary duties brought against the Bank in the Circuit Court for the City of St. Louis, Missouri. As grounds for its motion, the Bank alleged that a prior dismissal of a federal securities action brought against it by the trustees in the federal district court was an adjudication on the merits and therefore barred subsequent state court proceedings under the doctrine of res judicata. For the reasons discussed below, we affirm.

The facts are not disputed. In April, 1976, Charles B. Blackmar was appointed sole trustee of two profit sharing trusts—the LIFE Trust and the Incentive Trust—which had been established in 1955 by Liberty Loan Corp. for the benefit of its employees. The contributions to the trusts were invested almost exclusively in Liberty Loan stock. Beginning in the early 1970's, the price of Liberty Loan stock declined sharply, thus depleting the assets of the pension trusts and rendering them insolvent.

On July 29, 1976, Blackmar filed an action in federal court against the Bank and various individuals who had served as former trustees. The suit sought to recover the losses suffered by the trusts as a result of the drop in the price of Liberty Loan stock. The complaint alleged violations of various federal securities laws and breaches of fiduciary duties imposed by state law. The Bank was a named defendant in only the federal securities law counts. The Bank had never been a trustee of either trust but was allegedly liable under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, because it had knowingly lent money to the trusts for the purchase of Liberty Loan stock.

On October 12, 1976, the Bank moved to dismiss the action against it under Fed.R. Civ.P. 12(b)(6) for failure to state a claim under which relief can be granted and 9(b) for failure to allege fraud with particularity.

In January, 1977, Liberty Loan removed Blackmar as trustee and appointed two new trustees, John B. Knox and Everett B. Best. The trustees promptly moved to be substituted for Blackmar as party plaintiffs in the federal suit. They also filed a separate state law action in St. Louis County Circuit Court for breach of fiduciary duties against the individuals who were defendants in the federal action, but not against the Bank.

On September 26, 1977, the district court dismissed the complaint *without prejudice* for failure to state a claim and, specifically as to the Bank, for failure to plead fraud with particularity. *Blackmar v. Lichtenstein*, 438 F.Supp. 803, 807–08 (E.D.Mo. 1977). The motions for substitution were declared moot. On appeal this court reversed because the district court erred in ruling on the sufficiency of the complaint prior to ruling on the motion for substitution. *Blackmar v. Lichtenstein*, 578 F.2d 1273, 1275 (8th Cir. 1978).

On remand the district court granted the motion for substitution and substituted the two new trustees for Blackmar. *Blackmar v. Lichtenstein*, 468 F.Supp. 370, 374 (E.D. Mo.1979). We affirmed. *Blackmar v. Lichtenstein*, 603 F.2d 1306, 1309 (8th Cir. 1979).

On August 24, 1979, the Bank renewed its attempts for dismissal of the action, specifically requesting a dismissal *with prejudice*. The newly substituted plaintiff-trustees filed their own motion to dismiss the federal action, specifically requesting dismissal *without prejudice*. In addition, the trustees' motion requested that the Bank be bound by a stipulation waiving the defense of the statute of limitations in the state action to which the other defendants, but not the Bank, were parties.

The federal action was dismissed pursuant to Rules 12(b)(6) and 9(b). The district court also refused to enforce the stipulation against the Bank. *Knox v. American National Bank*, No. 76–685 C(2) (E.D.Mo. Oct. 5, 1979) (judgment of dismissal). The judgment did not indicate whether the dismissal was a dismissal with or without prejudice with respect to the Bank.

On October 10, 1979, five days after the dismissal in federal court, trustees Knox and Best filed a new suit against the Bank in the Circuit Court of the City of St. Louis alleging breach of fiduciary duties under Missouri law. On January 15, 1980, the Bank filed a motion requesting the district court to permanently enjoin the plaintiff-trustees from continuing the state court suit or otherwise relitigating matters barred by the prior dismissal of the federal action under the doctrine of res judicata.[2] The trustees filed a motion pursuant to Fed.R.Civ.P. 60(b)(1), (6) requesting that the October 5, 1979, judgment be modified to provide that the dismissal of the trustees' action against the Bank be without prejudice.

On March 14, 1980, the district court denied both motions. *Knox v. American National Bank*, 488 F.Supp. 259, 260 (E.D.Mo. 1980). The district court held that the October 5 dismissal was merely a reiteration of its earlier dismissal (on September 26, 1977) for failure to allege fraud with particularity, which had been expressly declared to be without prejudice. *Id.* Further, the district court maintained that a dismissal for a procedural defect, such as the failure to plead fraud with particularity, does not operate as adjudication on the merits and thus refused to enjoin the state court proceedings. *Id.* The district court also rejected the trustees' motion to modify as moot. *Id.* This appeal by the Bank followed.

For reversal the Bank argues that (1) pursuant to Fed.R.Civ.P. 41(b), the dismissal of the federal securities action was an adjudication on the merits, thereby precluding the trustees from maintaining another action in either federal or state court on the same cause of action under the doctrine of res judicata; (2) a federal securities claim and a state breach of fiduciary duty claim are the same cause of action for res judicata purposes; and (3) therefore the district court erred when it denied the motion for injunctive relief.

We believe this matter was properly handled by the district court through the exercise of its discretionary powers under Fed. R.Civ.P. 60(b)(6). In short, we conclude that the district court resolved the confusion created as a result of mistake or inadvertence.

Fed.R.Civ.P. 60(b) provides in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his [or her] legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

█ Rule 60(b) is discretionary and can be appropriately used to resolve a state of confusion where judgments or orders are facially inconsistent with each other. *Hopkins v. Coen*, 431 F.2d 1055, 1059 (6th Cir. 1970). The application of Rule 60(b) is placed within the sound discretion of the trial court guided by accepted legal and equitable principles in light of all the relevant circumstances. *Hale v. Ralston Purina Co.*, 432 F.2d 156, 159 (8th Cir. 1970); *Bros, Inc. v. W. E. Grace Manufacturing Co.*, 320 F.2d 594, 607–10 (5th Cir. 1963). *See also* 1B Moore's Federal Practice ¶ 60.27[1], at 351 (2d ed. 1980).

Rule 60(b) is meant to be flexible and action of the district court in connection with such a motion will not be reversed on appeal save for abuse. *Clarke v. Burkle*, 570 F.2d 824, 830–31 (8th Cir. 1978). Under Rule 60(b)(6) the court has the power to modify its orders to correct inadvertent errors detected within a reasonable time. *Pioneer Insurance Co. v. Gelt*, 558 F.2d 1303,

---

**2.** A district court has the power to enjoin proceedings in a state court "to protect or effectuate its judgments" pursuant to the All Writs Statute, 28 U.S.C. § 1651, and the Anti-Injunction Statute, 28 U.S.C. § 2283.

1312 (8th Cir. 1977); *In re Casco Chemical Co.*, 335 F.2d 645, 650–52 (5th Cir. 1964). *See also L. P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235–36 (D.C.Cir.), *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). Rule 60(b)(6) is the proper remedy for situations where a series of misunderstandings took place between counsel and the district judge. *International Ass'n of Heat & Frost Insulators, Local 66 v. Leona Lee Insulation & Specialties, Inc.*, 516 F.2d 504, 505 (5th Cir. 1975) (per curiam). Rule 60(b) should be liberally construed and applied to carry out the purpose of avoiding, where relief is promptly sought and no prejudice is shown, the enforcement of a judgment which has become erroneous even though it may have been proper when entered. *Michigan Surety Co. v. Service Machinery Corp.*, 277 F.2d 531, 533 (5th Cir. 1960). Further, the terms "mistake, inadvertence or excusable neglect" as used in Rule 60(b) encompass judicial error or omission. *Oliver v. Home Indemnity Co.*, 470 F.2d 329, 330 (5th Cir. 1972); *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964).

■ Courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake. *American Trucking Ass'n v. Frisco Transportation Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958), *citing Gagnon v. United States*, 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745 (1904). Of course, the power to correct inadvertent errors may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful in light of changing policies. *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962). Here, the district court orders were ambiguous and unclear. Its first two judgments fail to express the res judicata effects of the dismissals with clarity or ac-

curacy. *Cf. Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1066 (10th Cir. 1980) (where there was ambiguity or obscurity in express ruling in a case, reference may be had to findings and entire record for the purpose of determining what was decided, particularly if special ground for relief is based on res judicata).

Despite the Bank's contention, Rule 41(b) is not determinative. *Cf. Kaspar Wire Works, Inc. v. Leco Engineer & Machine, Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) (res judicata cannot be applied automatically to judgments dismissing suits without stated reasons). Rule 41(b) transforms certain procedural dismissals which were not considered adjudications on the merits at common law into adjudications on the merits in federal court. If the first suit was dismissed for defect of the pleadings, or parties, or a misconception of the form of proceeding, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered should not bar another suit. *Costello v. United States*, 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961). The district court's October 5 order does not specify on its face whether the dismissal was with or without prejudice. The district court's March 14 order, however, took this question out of the realm of speculation and thus rebutted the presumption of finality created by Rule 41(b).[3]

■ We therefore affirm the district court on the basis of its exercise of discretionary authority under Rule 60(b)(6). Accordingly, the judgment of the district court is affirmed.

---

**3.** The parties were understandably confused regarding the basis for and effect of the dismissal. Thus, the error did not result from incompetence or ignorance on the part of either attorney. *Cf. Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975) (where court held that ignorance or carelessness of an attorney is not generally cognizable under Fed.R.Civ.P. 60(b)). In fact, the record indicates that the district court was also somewhat confused regarding the status of the case and the intentions of the parties. In its March 14 order the district court admits that it "may have overlooked plaintiffs' representations that a suit would be filed in state court against the Bank." Within the year, however, the district court went on to correct its inadvertent mistake.