**Robert P. McCARNEY and Elizabeth H. McCarney, Appellants,**

v.

**FORD MOTOR COMPANY, Appellee.**

No. 80–1555.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided Aug. 27, 1981.

Rehearing and Rehearing En Banc Denied Sept. 22, 1981.

George M. Coburn, argued, Wayne H. Hoecker, John J. Yates, Kay M. Bushman, Gage, Tucker & Vom Baur, Washington, D.C., Gage & Tucker, Kansas City, Mo., Orell D. Schmitz, Schlosser & Schmitz, Bismarck, N.D., for appellants.

Peter Dorsey, argued, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Henry Halladay, Edward J. Pluimer, Marianne E. Durkin, Minneapolis, Minn., Pearce, Anderson, Thames & Durick, Harry J. Pearce, Bismarck, N.D., for appellee Ford Motor Co.; William A. Zolbert, Dearborn, Mich., of counsel.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellants attempt to overcome a summary judgment granted by the district court[1] on the grounds of res judicata and collateral estoppel. They contend that this action is not precluded by earlier litigation between the same parties. The case presents the difficult but narrow issue of whether a dismissal for lack of standing to invoke a particular statute can act as a bar to a later suit based upon the same factual allegations. We reverse the district court and remand for further proceedings.

I. FACTUAL BACKGROUND

This case arises out of a controversy concerning a Bismarck, North Dakota, automobile dealership, McCarney's Ford, Inc. Robert McCarney, the plaintiff in both suits, was the manager and, along with his wife Elizabeth, the principal stockholder of the corporation. The underlying factual allegation in both suits is that Ford Motor Company, through a campaign of harassment and unfair dealing, compelled the McCarneys to sell their dealership. McCarney asserts that this "forced sale" was the result of a series of actions by Ford Motor designed to terminate McCarney as a dealer. McCarney alleges that he sold his stock in the dealership at an unfavorable price under the threat of termination.[2]

Robert and Elizabeth McCarney sold all of their stock in the dealership in November 1977, for $3.2 million to Holms' Ford, Inc. After the sale the McCarneys no longer were employed by the dealership. In December 1978, Robert McCarney filed suit in federal district court relying upon 15 U.S.C. § 1221, *et seq.*, known as the Automobile Dealers' Day in Court Act. The Dealers' Day in Court Act creates a cause of action on behalf of "automobile dealers." It allows recovery of damages and costs of the suit where it can be shown that the manufacturer did not act in good faith concerning the terms of the franchise agreement or in the termination of the franchise. 15 U.S.C. § 1222. This suit, which is referred to as McCarney I, relied upon the factual allegations summarized above.

In its answer defendant Ford Motor asserted a general denial and stated that the plaintiff lacked standing to assert a claim under the Dealers' Day in Court Act, among other defenses. The defendant filed motions to dismiss under Rules 12(b)(6) and 12(c), Fed.R.Civ.P. The district court, pursuant to rule 12(c), treated the motion as one for summary judgment. It then granted defendant's motion on the ground that McCarney, as an individual, lacked standing under the Dealers' Day in Court Act. The court indicated that the corporation, McCarney's Ford, Inc., was the proper party to invoke the statute. The court primarily relied upon *Vincel v. White Motor Corp.*, 521 F.2d 1113 (2d Cir. 1975). The judgment was entered in the defendant's favor "with prejudice." This decision was not appealed.

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, presiding.

2. McCarney alleges, among other activities, that Ford Motor harassed him by requiring the dealership to buy certain vehicles McCarney did not wish to purchase, by a series of unnecessary audits and by threats that McCarney's supply of autos would be disrupted if he did not sell his stock to the buyer of Ford's choice. In an affidavit McCarney charges that Ford Motor sought to terminate his dealership because of his political activities and the fact that he had become too controversial. McCarney had sought elective office in gubernatorial and congressional races.

In February 1980, Robert and Elizabeth McCarney filed the action which is presently before the court and is referred to as McCarney II. The complaint in McCarney II raised five theories of relief: (1) that the defendant had violated section one of the Sherman Act, 15 U.S.C. § 1, and sought treble damages under section four of the Clayton Act, 15 U.S.C. § 15; (2) that the defendant violated section 51–07–01.1 of the North Dakota Century Code which prohibits termination of a supply contract without good cause; (3) that the wrongful termination was a breach of the supply contract; (4) that the defendant violated its fiduciary duty to the McCarneys; and (5) that the defendant wrongfully interfered with plaintiffs' performance of their contracts of employment with McCarney's Ford, Inc. The district court granted defendant's motion for summary judgment "upon the grounds of res judicata and collateral estoppel." The district court did not discuss the precise application of these principles to the present case. This appeal followed.

## II. ANALYSIS

It is uncontested that the factual allegations supporting the proposed theories of recovery in McCarney II are the same as those which were relied upon in McCarney I. It is the position of the plaintiffs-appellants that the doctrine of res judicata, or more precisely claim preclusion, does not apply to bar the claims in this case because the decision in McCarney I was not "on the merits."[3] See James & Hazard, Civil Procedure, §§ 11.3, 11.15 (1977). They submit that standing is not a substantive issue but is in the nature of subject matter jurisdiction, that is, it is an issue that a court considers as a precondition to reaching the merits. Specifically they argue that standing is one of the considerations in determining whether a case is a justiciable controversy.

Ford Motor argues that the plaintiffs have misconstrued the term standing. It argues that the district court's decision in McCarney I was not that the court lacked jurisdiction but that the complaint failed to state a claim upon which relief could be granted.[4] Interpreted in this way, McCarney I decided that the plaintiff had not stated a cause of action which, all agree, is a judgment "on the merits" of the substantive claim. See Federated Department Stores, Inc. v. Moitie, —— U.S. ——, ——, 101 S.Ct. 2424, 2428, n.3, 69 L.Ed.2d 103 (1981); Glick v. Ballentine Produce, Inc., 397 F.2d 590, 593 (8th Cir. 1968).

The Supreme Court has expressly delineated a distinction between the issue of standing and the merits of a particular law-

---

**3.** Judicial statements concerning res judicata universally require that the prior suit be a judgment "on the merits." See Federated Dept. Stores, Inc. v. Moitie, —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); Bryson v. Guarantee Reserve Life Ins. Co., 520 F.2d 563, 566 (8th Cir. 1975); Hanson v. Hunt Oil Co., 505 F.2d 1237, 1239–40 (8th Cir. 1974). See also Jones v. Bell Helicopter Co., 614 F.2d 1389, 1390 (5th Cir. 1980). It is agreed by both parties that the other elements of claim preclusion are satisfied.

**4.** The exact holding of the district court in McCarney I is not without ambiguity. For example, at the outset of its memorandum opinion the court lists the issues raised by the defendant in its answer. The court writes that it need discuss only one issue. The court then states this single issue is posed in two points raised in the defendant's answer: (1) whether the plaintiff failed to state a claim upon which relief could be granted, and (2) whether the plaintiff lacked standing. Thus, it could be argued that the district court concluded the plaintiff had failed to state a claim upon which relief could be granted, which is distinct from a decision that the plaintiff lacked standing. However, the district court expressly relies on a case involving similar circumstances where a district court, in an unpublished opinion, held that the plaintiff did not have standing.

This court has indicated that the question of whether an individual may invoke the Dealer's Day in Court Act is an issue of standing. Lewis v. Chrysler Motors Corp., 456 F.2d 605, 606 n.2 (8th Cir. 1972). Other circuits have also held that this issue is a question of standing that should be resolved at the "threshold." See, e. g., Sherman v. British Leyland Motors, Ltd., 601 F.2d 429, 439–40 (9th Cir. 1979). Although the district court opinion in McCarney I is subject to differing interpretations, we conclude that the judgment was based upon lack of standing and not that the plaintiff failed to state a claim upon which relief could be granted.

suit. *Warth v. Seldin,* 422 U.S. 490, 498, 500, 95 S.Ct. 2197, 2204, 2206, 45 L.Ed.2d 343 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal"); *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153–54, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). This court has stated that standing is a "threshold inquiry" that "eschews evaluation on the merits." *Coalition for the Environment v. Volpe,* 504 F.2d 156, 168 (8th Cir. 1974). *See Middlewest Motor Freight Bureau v. United States,* 525 F.2d 681, 682 (8th Cir. 1975). *Accord, Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439–40 (9th Cir. 1979) (standing question is "akin to that of jurisdiction"). The commentators agree that standing is an analytical prerequisite to reaching the merits of a suit. *E.g.,* 13 Wright, Miller & Cooper, Fed. Prac. & Pro., § 3531, at 175–76 (1975).[5]

This line of authorities support the appellant's view that a dismissal based on standing is not "on the merits" and therefore will not act as a bar to a later suit. The Wright treatise classifies the issue of standing as a part of the concept of justiciability which includes the questions of advisory opinions, mootness and ripeness. 13 Wright, Miller & Cooper, *supra,* § 3529, at 146. A dismissal based on any of these concepts, which are quasi-jurisdictional, does not preclude a second action on the same claim if the justiciability problem can be overcome. *Id.,* § 4436, at 344.

For example, the Second Circuit has held that "[i]t is well settled that the dismissal of a case because it is moot does not lay a basis for the application of the doctrine of *res judicata." N. Sims Organ & Co. v. S.E.C.,* 293 F.2d 78, 82 (2d Cir. 1961), *cert. denied,* 368 U.S. 968, 82 S.Ct. 440, 7 L.Ed.2d 396 (1962). *See also De Volld v. Bailar,* 568 F.2d 1162, 1165–66 (5th Cir. 1978).

Although we are not aware of any reported decision which has considered the precise question presented here, a Fifth Circuit opinion has overtones which are relevant. *See Continental Casualty Co. v. Canadian Universal Insurance Co.,* 605 F.2d 1340 (5th Cir. 1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980) (*see also* the companion case of *Fenner v. Continental Diving Service, Inc.,* 543 F.2d 1113 (5th Cir. 1976)). In *Continental Casualty,* the court held that an earlier dismissal based on the ground that the parties had not presented a "live controversy" within the requirement of Article III that one of the parties did not have standing to present its claim, did not operate as a judgment on the merits. *Continental Casualty Co. v. Canadian Universal Insurance Co., supra,* 605 F.2d at 1343. The earlier dismissal on justiciability grounds had been expressly described as "for want of jurisdiction." It should be noted that the opinion in the prior suit took pains to state that while dismissing it did not intimate any views concerning the underlying merits. *Fenner v. Continental Diving Service, Inc., supra,* 543 F.2d at 1117. *See also Knox v. American National Bank,* 488 F.Supp. 259, 260 (E.D.Mo.1980), *aff'd on other grounds sub nom. Knox v. Lichtenstein,* 654 F.2d 19 (8th Cir. 1981); *Warren Co. v. Neel,* 284 F.Supp. 203, 210–11 (W.D.Ark.1968), *aff'd per curiam sub nom. Kimbell Milling Co. v. Warren Co., Inc.,* 406 F.2d 775 (8th Cir. 1969).

Although none of these cases is directly on point, a consistent thread runs through them. The justiciability doctrine, for the purposes of claim preclusion, should be analyzed in the same way as subject matter jurisdiction. *See* 1B Moore, Fed. Prac., ¶ 0.405[5], at 661 (1980). That is, a decision to dismiss based on any of the doctrines under the justiciability heading should preclude relitigation of the same justiciability issue but not a second suit on the same claim even if arising out of the identical set of facts. Thus, if the McCarneys

---

5. There is, however, occasional confusion concerning the issue of standing and whether it is a part of a determination on the merits. *See, e. g., Winston v. Lear-Siegler, Inc.,* 558 F.2d 1266 (6th Cir. 1977). *See generally* 13 Wright, Miller & Cooper, Fed. Prac. & Pro., § 3531, at 181, n.19 (1975).

had refiled their suit under the Dealers' Day in Court Act it would have clearly been precluded by their earlier suit which decided the standing issue. But where the second suit presents new theories of relief, admittedly based upon the same operative facts as alleged in the first action, it is not precluded because the first decision was not on the merits of the substantive claim. We hold, therefore, that a dismissal based upon a lack of standing is not "on the merits" of the underlying substantive claim and is not a bar to asserting another theory of relief based upon the same operative facts assuming the other elements of claim preclusion are satisfied.

■ Ford Motor points to Rule 41(b), Fed.R.Civ.P., to argue that McCarney I was "on the merits." Rule 41(b) provides that any dismissal operates as an adjudication upon the merits unless it is a dismissal for lack of jurisdiction, for improper venue or for failure to join a party under rule 19. *Id.* We have already observed that a dismissal for lack of standing is quasi-jurisdictional. Further, the Supreme Court has held that the term jurisdiction and rule 41(b) should not be interpreted in a rigid and narrow manner. *Costello v. United States*, 365 U.S. 265, 285, 81 S.Ct. 534, 544, 5 L.Ed.2d 551 (1961). The *Costello* Court stated that 41(b) did not change the common-law principle that "[i]f the first suit was * * * disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." *Id.* at 286, 81 S.Ct. at 545. *See Johnson v. Boyd-Richardson Co.*, 650 F.2d 147 at 148 (8th Cir. 1981). By applying our earlier discussion concerning whether McCarney I was on the merits, it is clear that for purposes of rule 41(b) a dismissal for lack of standing is a dismissal for lack of jurisdiction.

■ Ford Motor also points to the general doctrine that one may not split a cause of action and that a judgment on the merits is a bar concerning all the theories of relief

that might have been presented as well as those that were. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). *See Gatzemeyer v. Vogel*, 589 F.2d 360, 362–63 (8th Cir. 1978); *Glick v. Ballantine Produce, Inc., supra*, 397 F.2d at 593. *See also* Restatement (2d) of Judgments, § 61, at 139 (Tent. Draft no. 5, 1978). Ford argues that the McCarneys should not be allowed to split their cause of action. However, the proposition Ford relies upon is merely a corollary to fundamental claim preclusion. In order for it to apply the decision must be on the merits. Again, our earlier discussion demonstrates that McCarney I was not on the merits and, therefore, the doctrine preventing splitting a cause of action is not applicable.

Ford Motor argues, in the alternative, that all of the counts in the McCarney II complaint except number IV are precluded on the basis of collateral estoppel or issue preclusion. It asserts that the district court in McCarney I held that McCarney, as an individual, could not assert the rights that belong to the corporation. Ford asserts that McCarney in the second suit has again attempted to utilize causes of action that rightfully belong to the dealership.

This court has held that the application of issue preclusion is appropriate where:

(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir. 1979). Ford's argument on this point fails for several reasons. As already discussed, the prior decision was not on the merits and therefore the second element is not satisfied. Further, identical issues are not presented. It may well be that counts I, II, III and V actually state claims that can be raised only by the corporation [6] but

---

6. *See Jones v. Ford Motor Co.*, 599 F.2d 394 (10th Cir. 1979); *Vincel v. White Motor Corp.*, 521 F.2d 1113 (2d Cir. 1975).

this was not specifically decided in McCarney I. The earlier decision held that McCarney could not invoke a right created by the Dealers' Day in Court Act because it belonged exclusively to the "automobile dealership" which in this case was the corporation. The question of whether the McCarneys have standing under the Sherman Act, § 1, and the other theories of relief was not resolved, nor has there been a full and fair opportunity to be heard on this issue. The legal analysis concerning these issues may or may not be different from the question that was resolved in McCarney I.

Accordingly, we reverse and remand for further proceedings consistent with this opinion. We, of course, state no view concerning the standing issues that may be presented regarding the counts in McCarney II.

Reverse and remand.