F I L E D
**United States Court of Appeals
Tenth Circuit**

**OCT 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CRAIG THOMAS RODGERS,

        Petitioner-Appellant,

v.

JAMES FERGUSON, Warden of the
Wyoming State Penitentiary, and the
ATTORNEY GENERAL of the State
of Wyoming,

        Respondents-Appellees.

No. 96-8064
(D.C. No. 95-CV-206-J)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Craig Thomas Rodgers appeals the district court's dismissal of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, on the ground that his ineffective assistance of counsel claim was procedurally barred. Because petitioner's claim is not procedurally barred, we grant a certificate of probable cause[1] and reverse and remand the case for further proceedings.

In February 1994, petitioner pleaded guilty to first degree sexual assault and received a sentence of ten to fourteen years in the Wyoming State Penitentiary. He did not appeal his conviction or sentence. In March 1995, he filed a petition for post-conviction relief in state district court, alleging that his second trial attorney was ineffective in failing to reveal certain exculpatory evidence contained in an investigative report commissioned by his first trial attorney. He asserted he would not have pleaded guilty had he known of the exculpatory evidence. In response to the government's claim that the ineffective assistance of counsel claim was procedurally barred, petitioner attempted to show that he did not discover the existence of the exculpatory report until after his appeal time lapsed; he apparently attached his own affidavit and an affidavit by the investiga-

---

[1]     Because this petition was filed before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, we apply the prior law to grant petitioner a certificate of probable cause so that he may bring this appeal. See United States v. Kunzman, No. 96-1310 at n.2, 1997 WL 602507, at *1(10th Cir. Oct. 1, 1997).

tor who issued the report. The district court denied the petition as procedurally barred, and the Wyoming Supreme Court denied review on the same ground.

Petitioner then filed this petition for a writ of habeas corpus, raising the same ineffective assistance of counsel claim. Although the Wyoming state district court's decision was not in the record, the federal district court attempted to reconstruct its holding by reviewing petitioner's pleadings in the Wyoming Supreme Court. The federal court concluded that the state court's procedural bar rested on two grounds: petitioner's failure to raise his ineffective assistance of counsel claim on direct appeal, and petitioner's failure to plead and support his claim with the requisite specificity by detailing the contents of the investigative report. The district court then denied the petition on the ground that it was procedurally barred, and petitioner appealed.

We review the district court's legal conclusions regarding procedural default de novo, affording a presumption of correctness to the state court's findings of fact unless not fairly supported by the record. See Sena v. New Mexico State Prison, 109 F.3d 652, 653 (10th Cir. 1997).

In Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994), we held the failure to raise an ineffective assistance of counsel claim in a direct state court appeal will not preclude federal habeas corpus review of the claim despite state law characterizing such a failure as a procedural default. See also Brewer v.

Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995) (same result when, as here, state denies relief on procedural grounds when incompetent counsel issue first raised in post-conviction proceedings).  Further, without access to the state district court's file, we cannot determine whether the second ground relied upon by the district court -- petitioner's failure to specifically describe the contents of the report -- was a "procedural default" at all, and if so, whether it was treated as a default separate from the failure to raise the claim on direct appeal.

If indeed the state court, in dismissing the petition, relied on petitioner's failure to specify the report's contents, it is not clear whether this was a determination on the merits, such as a dismissal for failure to state a claim, see Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981), or a procedural ruling similar to a dismissal for failure to plead fraud with particularity, which does not go to the merits, see, e.g., Thomas v. Consolidation Coal Co., 380 F.2d 69, 83-84 (4th Cir. 1967); Knox v. American Nat'l Bank, 488 F. Supp. 259, 260 (E.D. Mo. 1980), aff'd on other grounds, 654 F.2d 19 (8th Cir. 1981); cf. Shriners Hosps. for Crippled Children, Inc. v. First Sec. Bank, 835 P.2d 350, 358-59 (Wyo. 1992) (holding dismissal of complaint for failure to plead fraud with particularity generally requires leave to amend).

The federal habeas petition in the instant case contains fairly specific allegations, including purported quotes from two affidavits of the investigator

who allegedly gave petitioner's counsel a report containing exculpatory information. The affidavits are not in the federal court record, but may have been provided to the state district court in the post-conviction proceeding. Additionally, it is difficult to understand how petitioner could be expected to describe with specificity a report he claims has been withheld from him by the counsel he accuses of constitutionally inadequate representation. We might uphold a requirement of specificity in pleading incompetent representation by counsel in some circumstances, but this is not such a case.

The issue might be resolved easily by requiring petitioner's trial counsel to produce the allegedly exculpatory investigative report, if it exists, and to testify at a hearing. If necessary the investigator who allegedly prepared the report can be called to testify.

Because the district court erred in finding petitioner's ineffective assistance claim procedurally barred, we remand the case for further proceedings. We therefore deny petitioner's motion to expand the record on appeal.

REVERSED and REMANDED for further proceedings. The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge