Memorandum Opinion And Order
PER CURIAM.
I. Introduction
In October 1982, Rochelle Ducheneaux, PlaintiffoAppellant, was reassigned House # 990-02 by the Cheyenne River Housing Authority (CRHA). Approximately twelve years later, Preston and Lisa Maynard, the Defendants/Respondents, learned that the 2.5 acre site on which House # 990-02 was located had not been conveyed to the CRHA by Ms. Theresa Ducheneaux, the mother of Lisa Maynard. The CRHA Board of Commissioners subsequently voted to award house # 990-92 to Lisa and Preston Maynard subject to several conditions including that Appellant be allowed to remain in the house until CRHA built her a new house.
*50 On April 3, 1997, Lisa and Preston Maynard appeared before the Cheyenne River Sioux Tribal Council and requested that it order Ms. Ducheneaux to vacate the premises and award the house to them. A motion to that effect was made but (apparently) never voted on.
The next day, Appellant filed a complaint and a request for a temporary restraining order against the Defendants. A TRO was granted ex -parte by temporary Acting Chief Judge, Georgia Gunville. The TRO specified that the Defendants were restrained and enjoined from taking any further action to dispossess the Plaintiff from her home until a hearing was held in civil court. On April 8, 1997, Chief Judge Carroll amended the original TRO by changing the above cited provision by adding ambiguous language that the Defendants “are not otherwise restraining (sic) from seeking to resolve this dispute pending hearing in the matter,” Judge Carroll justified this amendment by noting that the original TRO “was unnecessarily broad, and which may have violated the Defendant’s (sic) constitutional rights, and the Court being of the opinion that the error is in the nature of a clerical error that the court may correct at any time on its own motion.” Neither the original nor amended TRO contained an expiration date.
On April 9, 1997, a notice of interlocutory appeal was filed with this Court. On April 17, the Appellant filed a motion to recuse Judge Carroll. The appellant also filed a motion for a stay with this court and the stay was granted on April 21, but was to expire with the decision on the motion for recusal. Subsequently, Judge Carroll appointed Judge Chasing Hawk to hear the case. Judge Chasing Hawk extended the TRO on at least two occasions with written orders dated May 16 and 28, 1997. These orders contain no explanation for their extension except to reschedule the date for the hearing on the TRO. No hearing on the TRO has ever been held and it apparently remains in effect. The Defendants submitted no pleadings in the trial court nor a brief before this Court.
II. Issues.
This appeal presents two issues:
A.) Whether the temporary restraining order in this matter is an appealable order; and
B.) If so, whether the temporary restraining order as amended by the trial judge on his own motion was permissible as mere “clerical error.”
III. Discussion
Each issue will be discussed in turn.
A.) Temporary restx*aining orders pursuant to both Rule 65(b) of the Cheyenne River Sioux Tribal Rules of Civil Procedure[1] and 306 F.2d 840, 842 (2nd *51 Cir.1962) are limited to a duration of ten days. Normally, the plaintiff will subsequently move for a preliminary injunction and the grant or denial of the preliminary injunction is appealable as a final order. However the temporary restraining order itself is usually not appealable because its limited function is “to preserve an existing situation ... until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.” Pan-American World Airways, Inc. v. Flight Engineers Intern. Assn., PAA Chapter AFL-CIO, 306 F.2d 840, 842 (2nd Cir.1962).
Despite the clarity and logic of this uniform line of thinking, there are well known exceptions. These exceptions are to be found, in almost all instances, when the temporary restraining order (for whatever reasons) has continued beyond the ten day limit and for all practical purposes has become the functional equivalent of a preliminary injunction. As noted by the U.S. Supreme Court, “a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction.” Sampson v. Murray, 415 U.S. 61, 86, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Otherwise, as the Court pointed out a district court could “shield its orders from appellate review merely by designating them as temporary restraining orders (and thereby) would have virtually unlimited authority over the parties in an injunctive proceeding.” Id. at 87, 94 S.Ct. 937.
It has further been held in circumstances identical to the facts in the case at bar that when a temporary restraining order does not state an expiration date and continues beyond the 10 day limit it “must be treated as a preliminary injunction and therefore is appealable.” Nordin v. Nutri/System, Inc., 897 F.2d 339, 343 (8th Cir.1990). Both the original and the amended TRO in the instant case did not contain an expiration date and were specifically continued on at least two additional occasions by the tribal judge appointed to the case subsequent to the recusal of Judge Carroll.
This functional equivalent approach has been cited with approval in a prior decision of this Court in which we observed that when “a temporary restraining has been extended to or become a preliminary injunction, appeal might lie to this Court.” Brehmer v. White Wolf, 23 Ind. L. Rep. 6073, 6074 (Chey. Riv. Sx. Ct. Of App.1993). In addition, the Confederated Salish and Kootenai Tribal Court of Appeals has acted in a like manner when it found that “where a temporary restraining order has the practical effect of a preliminary injunction, it is immediately appeal-able.” Moran v. Council of the Confederated Salish and Kootenai Tribes, 22 Ind. L. Rep. 6149, 6152 (C.S. & K.T.App.1995). This Court now explicitly holds that a TRO *52 without an expiration date and that remains in practical effect for more than ten days is appealable in the manner of a preliminary injunction.
B.) Judge Carroll’s amended TRO of April 18, 1997 contains the following language of justification: “the Court having previously entered a Temporary Restraining Order that was unnecessarily broad, and which may have violated the Defendant’s (sic) constitutional rights, and the Court being of the opinion that the error is in nature of a clerical error that the Court may correct at any time on its own notion.” A clerical error is “a mistake or omission by a clerk, counsel, judge or printer which is not the result of exercise of the judicial function.” Black’s Law Dictionary (6th Ed., 1990) 252. Such an error may be corrected at anytime. Rule 60(a) Cheyenne River Sioux Rules of Civil Procedure,[2] Rule 60(a) Federal Rules of Civil Procedure.
 In contrast “judicial error” is one “into which the court itself falls ... and occurs when the judgment rendered is erroneous in some particular, requiring it to be changed.” Black’s Law Dictionary (6th Ed., 1990) 848. Courts may not make changes to orders claiming “clerical error” when in fact the court changes the substance of its order or judgment. As noted, for example, “the power to correct inadvertent errors may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful in light of changing policies.” Knox v. Lichtenstein, 654 F.2d 19, 22 (8th Cir.1981).
Judge Carroll’s amended order clearly and unequivocally attempts to correct a perceived Judicial rather than clerical error. His interpolation of language addressing the previous TRO as “unnecessarily broad” and possibly to have “violated defendant’s (sic) constitutional rights” is patently judicial and substantive in nature. Specifically, despite the ambiguity of language, the amended order attempts to narrow the reach and protection of the original TRO. Judicial error, if it exists, may only be addressed on motion with notice to the parties and the opportunity to be heard. Basic notions of due process command such a result. 25 U.S.C. § 1302(8). As this was not done in this case, Judge Carroll committed reversible error.
Although the record in this case is sparse, a number of related observations suggest themselves. If Judge Carroll did meet with the Tribal Council—as alleged (but not determined since there has never been any hearing on findings made at the trial level—to discuss this case, such action forcefully suggests a potential violation of the separation of powers provision of the Cheyenne River Sioux Tribal Constitution).[3] Needless to say, tribal judges must always strive to avoid causing or even giving the appearance of causing constitutional conflict.
*53 Finally, it is noted that the granting of a TRO should be timely followed with the filing of a motion for a preliminary injunction in order to avoid the ap-pealability issue discussed above. No such motion was filed in this case. It further remains a mild enigma why the Plaintiff did not seek to enjoin the Tribal Council from potentially evicting her rather than moving to restrain the defendants from seeking to evict her when the defendants do not ultimately possess such authority. The legal power to evict resides with the sovereign not private litigants. Without the benefit of a hearing, appropriate findings, and final order, however, much of what transpired remains uncertain and these observations are made not to carp or criticize, but only to suggest some helpful guidelines for the future.
IV. Conclusion
For the above stated reasons, the amended TRO of the trial court is vacated and remanded for further action not inconsistent with this opinion.
Ho hecetu yelo.
IT IS SO ORDERED.

. "Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written notice or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party’s attorney can be heard in opposition, and (2) the applicant’s attorney certifies to the court in writing and efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerks's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good case shown, is extended for a *51 longer period. The reasons for the extension shall be entered of record. In the case of temporary restraining order is granted without notice, the motion for the preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for the preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days’ notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.” Rule 65(b), Cheyenne River Sioux Rules of Civil Procedure.

. "Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." Rule 60(a), Cheyenne River Sioux Rules of Civil Procedure.

. Cheyenne River Sioux Tribal Const, art. IV, § 1 (k) (1992) ("Decisions of tribal courts may be appealed to tribal appellate courts, but shall not be subject to review by the Tribal Council”).