# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2499

_____

Canaan Wildlife Preserve, Inc. an Arkansas Corporation; Willena Herman; Billy C. Looney; Janet K. Speare; Joseph Flanagan; Siloam Minerals, LLC an Arkansas limited liability company; Fred Herman

*Plaintiffs - Appellees*

v.

Chesapeake Energy Corporation, an Oklahoma corporation; Chesapeake Operating, Inc. an Oklahoma corporation; Chesapeake Energy Marketing, Inc. an Oklahoma corporation; Chesapeake Midstream Operating, LLC an Oklahoma limited liability company; Arkansas Midstream Gas Services, Corp. an Arkansas corporation; Chesapeake Midstream Gas Services, LLC an Oklahoma limited liability company; BP America Production Company, a Delaware corporation; BP Energy Company, a Delaware corporation; BHP Billiton Petroleum (Fayetteville), LLC, a Delaware limited liability company; BHP Billiton Petroleum (Arkansas), Inc. an Arkansas corporation; BHP Billiton Marketing, Inc. a Delaware corporation

*Defendants*

------------------------------

Caruso Law Firm, P.C.; Smolen, Smolen, & Roytman, PLLC

*Movants - Appellants*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Before WOLLMAN, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

The Caruso Law Firm, P.C. (Caruso) and Smolen, Smolen & Roytman, PLLC (Smolen) appeal the district court's[1] order declaring that their fee agreements with the individual plaintiffs did not entitle them to a lien on a class recovery. Caruso and Smolen argue that the individual plaintiffs lacked standing to assert this issue, that the issue was not ripe, and that the order was an impermissible advisory opinion. We conclude that the issue was justiciable, as in the absence of a declaration from the district court the individual plaintiffs were unable to secure counsel or prosecute their pending suit because of Caruso and Smolen's claimed lien; moreover, the issue was decided based on existing, not hypothetical, facts. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1992) (standing requires that party suffered concrete, not hypothetical injury fairly traceable to defendant's challenged action; and that injury would likely be redressed by favorable decision); Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of Am., 687 F.3d 1076, 1081-82 (8th Cir. 2012) (in context of request for declaratory judgment in dispute between parties to contract, Article III considerations include whether contractual dispute is real and not factually hypothetical, whether it can be resolved by judicial declaration of parties' contractual rights, and whether declaration is necessary for plaintiff to carry on with business; parties need not wait for actual breach or violation to seek declaratory judgment); Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (appellate

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

-2-

court reviews de novo whether plaintiffs had standing); <u>Pub. Water Supply Dist. No. 8 v. City of Kearney</u>, 401 F.3d 930, 932 (8th Cir. 2005) (advisory opinion is one that advises what law would be based on hypothetical state of facts); <u>McCarney v. Ford Motor Co.</u>, 657 F.2d 230, 233 (8th Cir. 1981) (issue of standing is part of concept of justiciability that includes questions of advisory opinions and ripeness).

The judgment is affirmed.

_____