John W. KNOX and Everett B. Best, Appellees,

v.

David B. LICHTENSTEIN, Sr., William A. Gerard, Lyle S. Woodcock, Sidney N. Held, David B. Lichtenstein, Jr., Oscar H. Love, Carl A. Algren.

Appeal of AMERICAN NATIONAL BANK IN ST. LOUIS.

No. 80–1351.

United States Court of Appeals, Eighth Circuit.

Sept. 22, 1981.

Kohn, Shands, Elbert, Gianoulakis & Giljum, John Gianoulakis, John A. Klobasa and Terry Lueckenhoff, St. Louis, Mo., for appellees.

Thompson, Walther, Gaebe & Frank, Harold C. Gaebe, Jr., Keith D. Patten, St. Louis, Mo., for appellant.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

ORDER ON PETITION FOR REHEARING

The petition for rehearing is denied. However, we take this opportunity to clarify the previously filed opinion in this case, 8 Cir., 654 F.2d 19.

In its petition for rehearing American National Bank argues that this court mistakenly affirmed the district court's ruling on the basis of Fed.R.Civ.P. 60(b)(6). American National Bank argues that the district court refused to enjoin the state court action because, as the memorandum attached to the district court's order explained, the prior dismissal pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) was without prej-

udice. By explaining that its prior dismissal of the federal securities claims against the bank had been without prejudice, the district court rendered moot the trustees' pending motion pursuant to Fed.R.Civ.P. 60(b)(6) for clarification of its prior dismissal. American National Bank argues that because the district court denied the trustees' Rule 60(b)(6) motion as moot, this court improperly affirmed the district court on the basis of Fed.R.Civ.P. 60(b)(6).

American National Bank's argument is technically correct. The district court denied the trustees' pending Rule 60(b)(6) motion. However, the district court denied the trustees' motion only because its denial of the bank's request for injunctive relief had rendered it moot. The district court had denied the bank's request for injunctive relief and explained in the memorandum attached to its order that its prior dismissal had been without prejudice. Although the district court did not act expressly in response to the trustees' Rule 60(b)(6) motion for clarification of its prior dismissal, Fed.R.Civ.P. 60(b)(6) authorizes the district court to make such a clarification. Thus, by clarifying its prior dismissal in its order denying injunctive relief, the district court foreclosed the need to rule directly on the trustees' pending Rule 60(b)(6). Under the circumstances we cannot agree that in the previously filed opinion the court "speculated" in presuming how the district court would rule on the trustees' motion.

Accordingly, the petition for rehearing is denied.