The UNITED STATES of America

v.

Charles DUNN, Defendant.

No. CR–85–25E.

United States District Court,
W.D. New York.

May 9, 1985.

Stephan J. Baczynski, Asst. U.S. Atty., Buffalo, N.Y., for plaintiff.

Joel L. Daniels, Buffalo, N.Y., for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

In this criminal prosecution under 21 U.S.C. § 846 charging defendant with willfully and unlawfully attempting to possess a quantity of cocaine with the intent to distribute such, defendant has moved to dismiss the Indictment pursuant to Fed.R. Cr.P. rule 12(b)(2). He has asserted that agents of the Drug Enforcement Administration ("DEA") had created the offense charged by urging and provoking his participation in the illegal activities alleged in the Indictment and that the agents' conduct had been so outrageous as to deny him due process of law.

A defense of outrageous government conduct should be raised by an accused and be resolved by a court prior to trial. *See United States v. Nunez–Rios*, 622 F.2d 1093, 1098 (2d Cir.1980). Unlike the defense of entrapment which primarily concerns an accused's predisposition *vel non* to commit a particular offense, this defense involves consideration of whether the conduct of law enforcement agents, with respect to their initiation, encouragement of, and participation in a criminal transaction or attempted transaction, "is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431–432, 93 S.Ct. 1637, 1642–1643, 36 L.Ed.2d 366 (1973). *See also United States v. Toscanino*, 500 F.2d 267 (2d Cir. 1974). In the case at bar defendant has presently not alleged or demonstrated conduct by agents of the DEA that would warrant dismissal of the Indictment.

Defendant's attorney's affidavit submitted in support of the instant motion

alleges that in January 1985 defendant had received a telephone call from a former acquaintance, one Ted Gillard, to whom he had not spoken and whom he had not seen for over five years. It is alleged that Gillard, acting as a DEA informant, had informed defendant that a friend of Gillard was attempting to sell large quantities of drugs in the Buffalo area, that such friend needed a source with sufficient financial resources and that the friend would be in contact with defendant. It is further alleged that DEA agent Grisanti called defendant during the next day in order to induce him to commit a drug offense, that subsequent phone calls occurred, that the parties eventually met at a suburban hotel to discuss a deal and in order to encourage defendant to purchase cocaine, and that defendant thereafter obtained $28,500 which he gave to Grisanti for the purchase of one kilogram of cocaine. Defendant was arrested after his transfer of the funds to Grisanti.

This alleged version of the facts underlying the Indictment "falls short of the kind of outrageous conduct which would violate the defendant's due process rights." *United ed States v. Nunez-Rios, supra,* at 1097 (defendant therein had testified that the informant had initiated the drug transaction and had provided him with the controlled substance). *See also United States v. Romano,* 706 F.2d 370 (2d Cir.1983) (similar government involvement); *United States v. Alexandro,* 675 F.2d 34 (2d Cir.), *cert. denied,* 459 U.S. 835, 103 S.Ct. 78, 74 L.Ed.2d 75 (1982).[1]

Accordingly, it is hereby ORDERED that defendant's motion to dismiss the Indictment upon the asserted ground of the impropriety of the government's agents' conduct is denied without prejudice to his renewal of such motion at the conclusion of the government's case-in-chief and subsequent to the rendering of a verdict in this action.

1. Defendant's reliance upon *United States v. Lard,* 734 F.2d 1290 (8th Cir.1984); *United States v. Twigg,* 588 F.2d 373 (3d Cir.1978); and

*United States v. Archer,* 486 F.2d 670 (2d Cir. 1973), has been considered by this Court and has been found to be misplaced.