**The UNITED STATES of America,**

v.

**Charles DUNN.**

**No. CR–85–25E.**

United States District Court, W.D. New York.

March 19, 1986.

---

Stephan J. Baczynski, Asst. U.S. Atty., Buffalo, N.Y., for plaintiff.

Joel L. Daniels, Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this criminal prosecution under 21 U.S.C. § 842 the above named individual ("the defendant") had been convicted May 16, 1985, 608 F.Supp. 530, of having willfully and unlawfully attempted to possess a quantity of cocaine with the intent to distribute it. After the jury had returned its verdict, it had been instructed by me to determine whether certain amounts of currency that had been obtained from the defendant by government agents were subject to criminal forfeiture under the provisions of 21 U.S.C. § 853(a). The jury then found that $4,000 relating to a February 5, 1985 transaction was subject to forfeiture but that $28,500 relating to a February 6, 1985 incident was not.

The defendant's motion for a new trial under Fed.R.Cr.P. rule 33 was granted by this Court's July 22nd Memorandum and Order. The United States Court of Appeals for the Second Circuit has affirmed that decision, 779 F.2d 157. In the interim the government has taken steps looking towards the civil forfeiture of the $28,500 and the defendant has moved to enjoin such action.

■ Prior to the enactment of the Comprehensive Crime Control Act of 1984, the only method by which the government could seek forfeiture of property in a case such as this was through a civil action separate from any criminal proceedings. Perceived inefficiencies in that system resulted in the enactment of a criminal forfeiture statute, 21 U.S.C. § 853, under which forfeiture proceedings could be consolidated with the trial of the underlying offense.

In the present motion the defendant argues that, if the government chooses the option of consolidating the forfeiture action with the criminal prosecution, it is bound by the jury's verdict denying criminal forfeiture and may not thereafter seek civil forfeiture of the same property in a separate proceeding. The government claims, however, that the criminal and civil forfeiture proceedings are not mutually exclusive.

The relevant statutes, 21 U.S.C. § 853 and 21 U.S.C. § 881, do not expressly address the issue whether a criminal forfeiture action precludes a subsequent civil forfeiture action concerning the same property. In addition, neither the parties' research nor this Court's own investigation has exhumed any case addressing the issue.

The legislative history of the criminal forfeiture statute in issue provides support for Dunn's position. A Senate Report de-

scribes the proposed and eventually adopted amendments as "allow[ing] the use of criminal forfeiture *as an alternative* to civil forfeiture." S.Rep. No. 225, 98th Cong., 2d Sess. 193, *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3376 (emphasis supplied). Addressing the inefficiencies of civil forfeiture, the Senate Report indicates that a way of relieving those problems "would be to allow Federal prosecutors, in appropriate circumstances, to pursue criminal, *rather than civil,* forfeiture in drug cases." *Id.* at 3379 (emphasis supplied). Again addressing the perceived inefficiencies in permitting only civil forfeiture actions, the Report notes that:

> "A more efficient method of obtaining the forfeiture of assets of drug defendants would be to permit prosecutors *the option of pursuing a criminal forfeiture in which the forfeiture action can be consolidated* with the prosecution giving rise to forfeiture. In cases where *this alternative* could be pursued, valuable judicial and law enforcement resources could be saved." *Id.* at 3380 (emphasis supplied).

In a section-by-section analysis of the bill, the Senate Report, after detailing the advantages and disadvantages of using civil as opposed to criminal forfeiture proceedings, states:

> "Thus, a more efficient mechanism for achieving the forfeiture of a defendant's proceeds from his drug trafficking or of other property he has used in the offense is to permit the criminal forfeiture of such property *and thereby consolidate* the forfeiture action with the criminal prosecution. Section 303 creates such a mechanism." *Id.* at 3393 (emphasis supplied).

The legislative history clearly suggests that Congress's intent was to provide prosecutors with an option to civil forfeiture proceedings and to permit the merger or consolidation of forfeiture proceedings with the prosecution of the underlying charge. The merged or consolidated forfeiture proceeding leaves no other forfeiture mechanism to pursue.

 The legislative history of the criminal forfeiture provision therefore strongly suggests that section 853 should be read to provide the government with a mutually exclusive choice to seek criminal or civil forfeiture, but not both. Having sought the criminal forfeiture of $28,500 and a jury having found that such money should not be forfeited under section 853, the government is precluded from now seeking the forfeiture of that sum under section 881.

Accordingly, it is hereby ORDERED that the government is enjoined from seeking the civil forfeiture pursuant to section 881 of the $28,500 at issue in this motion.