**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Charles DUNN, Defendant-Appellee.**

**Docket 86–1189.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 26, 1986.

Decided Oct. 6, 1986.

Salvatore R. Martoche, New York City
(Asst. U.S. Atty., of counsel), for plaintiff-appellant.

Joel L. Daniels, Buffalo, N.Y., of counsel, for defendant-appellee.

Before FEINBERG, Chief Judge, CARDAMONE, Circuit Judge, and KELLEHER, District Judge.*

KELLEHER, Senior District Judge:

Appellant United States of America appeals from an order enjoining its prosecution in the District Court for the Western District of New York, John T. Elfvin, J., of a civil forfeiture proceeding against the sum of $28,500.

Appellee Charles Dunn was indicted February 8, 1985 on charges of possessing cocaine with intent to distribute. Included in the indictment were applications, pursuant to 21 U.S.C. § 853, for criminal forfeiture of two sums of currency, $4,000 and $28,500. These were the amounts allegedly tendered by appellee to Drug Enforcement Agency agents in transactions occurring February 5, 1985 and February 6, 1985.

On May 16, 1985, following a two day jury trial, appellee was convicted of possessing and attempting to distribute cocaine. The trial judge then instructed the jury to determine whether or not the two currency amounts were subject to forfeiture. The jury found that the $4,000 was subject to forfeiture but the $28,500 was not.

On July 22, 1985, appellee's motion for a new trial was granted by the district court. This Court affirmed. *United States v. Dunn*, 779 F.2d 157 (2d Cir.1985). While the order granting a new trial was being appealed, appellant, pursuant to 21 U.S.C. § 881, instituted civil forfeiture proceedings against the sum of $28,500, and appellee moved to enjoin such action. On March 19, 1986, the district court issued a perma-

---

* Hon. Robert J. Kelleher, Senior District Judge of the Central District of California, sitting by designation.

nent injunction, 630 F.Supp. 1035. There followed a timely notice of appeal.

Appellee's prior acquittal under the criminal forfeiture statute merely determined that the government's proof failed to overcome all reasonable doubt that the sum of $28,500 should be forfeited. *See Helvering v. Mitchell,* 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917, 921 (1938). Hence, issues of res judicata and collateral estoppel do not arise. *See United States v. National Association of Real Estate Boards,* 339 U.S. 485, 493–94, 70 S.Ct. 711, 716–17, 94 L.Ed. 1007 (1950) (civil antitrust action permissible following criminal acquittal); *Helvering v. Mitchell, supra,* (civil tax assessment permissible following criminal acquittal).

The district court's Memorandum and Order of March 18, 1986, from which the instant appeal is taken, enjoined the government from seeking civil forfeiture of the $28,500, based on a finding that Congress intended the civil and criminal forfeiture remedies to be mutually exclusive. In arriving at this finding, the district court relied on statements contained in the legislative history of § 853, which was enacted in 1984. (21 U.S.C. § 881 was enacted in 1970.) Specifically, the court noted the wording of Senate Report No. 225, 98th Cong., 2d Sess. (1984), *reprinted in* U.S. Code Cong. & Ad.News 3182, which referred to § 853 as creating the "option," *id.* at 3380 (1984), or the "alternative," *id.* at 3376, of criminal "rather than civil," *id.* at 3379, forfeiture proceedings. Elsewhere, the Report notes that by "consolidat[ing] the forfeiture action with the criminal prosecution," § 853 created "a more efficient mechanism for achieving the forfeiture of a defendant's proceeds from his drug trafficking." *Id.* at 3393.

Based on these portions of the Senate Report, the district court reasoned:

> The legislative history clearly suggests that Congress's intent was to provide prosecutors with an option to [sic] civil forfeiture proceedings and to permit the merger or consolidation of forfeiture proceedings with the prosecution of the underlying charge. The merged or consolidated forfeiture proceeding leaves no other forfeiture mechanism to pursue.

The legislative history of the criminal forfeiture provision therefore strongly suggests that section 853 should be read to provide the government with a mutually exclusive choice to seek criminal or civil forfeiture, but not both.

Appellant argues that this conclusion overlooks the significance of the differing burdens of proof, which distinguish criminal from civil forfeiture cases. *See, e.g., United States v. One 1977 Lincoln Mark V Serial No. 7Y89A832686,* 453 F.Supp. 1388 (S.D.N.Y.1978) (criminal forfeiture requires proof beyond reasonable doubt as opposed to preponderance standard in civil cases). If put to an irrevocable choice, appellant asserts, the government would opt for civil forfeiture under § 881, which allows for proof by a simple preponderance standard. Hence, § 853 would remain largely unused and do little to provide for more efficient forfeiture proceedings. Thus, appellant suggests, it frustrates the purpose of § 853 to find the remedies of criminal and civil forfeiture to be mutually exclusive.

These contentions have merit. In enacting § 853, Congress intended to save "valuable judicial and law enforcement resources," S.Rep. No. 225 at 3380, by eliminating the need for separate, duplicative proceedings in every case. The legislative history of § 853 consistently reflects the aim of expediting forfeiture of narcotics-related proceeds. The preexisting civil forfeiture provisions, standing alone, were seen to be inefficient; but by failing to repeal or restrict § 881 when it enacted § 853, Congress evinced an intent to permit continued use of civil forfeiture in a case, as here, where criminal proceedings are unsuccessful.

Those portions of S.Rep. No. 225 relied on by appellee and the district court do not disturb this conclusion. The excerpt describing § 853 as "allow[ing] the use of criminal forfeiture *as an alternative* to civil forfeiture," 1984 U.S.Code Cong. &

Ad.News at 3376 (emphasis supplied by district court), could, of course, be construed to mean "as a mutually exclusive alternative." However, it could equally well be read to mean "as a concurrently available alternative." In fact, the language is neutral and neither reading is compelled or excluded. Similarly, the mere use of the word "option" to describe criminal forfeiture does not imply that civil and criminal remedies are to be mutually exclusive.

We hold that it was not the intent of Congress that the remedies of criminal and civil forfeiture be mutually exclusive. Accordingly, the judgment of the district court is reversed.