**UNITED STATES of America, Plaintiff,**

v.

**LOTS 43 THROUGH 46 INCLUDING BLOCK 32 UNIVERSITY PLACE, BOULDER, COLORADO, also known as 1160 Cascade Avenue, and its Appurtenances and Contents, Defendants.**

No. 84–F–930.

United States District Court,
D. Colorado.

Feb. 25, 1987.

F. Joseph Mackey III, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Stanley L. Drexler, Denver, Colo., Lawrence Fleming, St. Louis, Mo., Norman B. Smith, Denver, Colo., Paul Weil, St. Louis, Mo., for claimants.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This was a civil forfeiture action. In December, 1984, this Court dismissed the action for the government's failure to comply with the Federal Rules of Civil Procedure applicable to this case. The Tenth Circuit affirmed. Proceeds from sale of the subject property have remained in this Court's custody.

While the proceeds remained in Colorado, Fleet Wallace Maull was convicted in the United States District Court for the Eastern District of Missouri, Eastern Division, under 21 U.S.C. § 848 for his part in a continuing criminal enterprise involving the distribution of cocaine. After his conviction, the subject property or proceeds therefrom were ordered seized and forfeited. Drexler, Wald & Abramovitz, P.C. (Drexler), attorneys at law in Denver, Colorado, moved the Missouri Court to vacate its order of forfeiture. Drexler argued the dismissal of the government's civil forfeiture proceeding in Colorado barred the criminal forfeiture. The Missouri Court disagreed. On January 15, 1987, the Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri, held that "Congress intended to create a forfeiture mechanism as an alternative to civil forfeiture.... the two forfeiture alternatives [are] not exclusive and the two provisions should be understood as 'concurrently available alternative[s].'" *United States of America v. Fleet Wallace Maull,* —— F.Supp. ——, Case No. 85–113

Cr.(2), slip op. at 2 (E.D.Mo. January 16, 1987), *quoting United States v. Dunn*, 802 F.2d 646, 647–48 (2d Cir.1986). Drexler's motion was therefore denied. The forfeiture order in Missouri therefore remains in effect. The Missouri Court also signed a consent judgment on January 16, 1987, in which the Court found that Louis T. and Patricia L. Maull, III (Fleet Maull's parents) have a $23,173.00 interest in the proceeds from the sale of the subject property.

On December 2, 1986, Drexler moved in this Court for disbursement of the proceeds from the defendant properties in this action. Movant claimed an interest as a result of a Deed of Trust executed in its favor as security for the payment of legal fees incurred by Mr. Maull. After Judge Fillipine's Order, the United States and Louis and Patricia Maull moved this Court for disbursement in accordance therewith. Drexler filed a Memorandum in Opposition, again asserting that dismissal of the civil proceeding in 1984 bars the forfeiture ordered by Judge Fillipine.

We agree with Judge Fillipine's analysis, and accord it full faith, credit and authority in this Court. ACCORDINGLY, Drexler's Motion for Disbursement is DENIED, the government's Motion to Release Funds is GRANTED, and Louis and Patricia Maull's Motion for Disbursement of Funds is GRANTED. The Clerk of the Court is DIRECTED to disburse the sale proceeds from the subject property to the United States of America, less $23,173.00 and any accrued interest, which shall be distributed to Louis T. Maull, III and Patricia Maull.