**UNITED STATES of America, Plaintiff,**

v.

**$152,160.00 UNITED STATES CURRENCY, et al.,**
**Defendants.**

Civ. A. No. 87–C–1168.

United States District Court,
D. Colorado.

Feb. 24, 1988.

Stephen C. Peters, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Jeralyn E. Merritt, Denver, Colo., for claimants.

## ORDER

CARRIGAN, District Judge.

This matter is before me on the plaintiff's motion to reconsider my earlier ruling dismissing this action, or stay execution of the judgment. On October 12, 1987 I ruled that the government could not proceed against the claimants' assets under the civil forfeiture statute, 21 U.S.C. § 881. I relied primarily on *United States v. $39,000 in Canadian Currency*, 801 F.2d 1210 (10th Cir.1986), a case in which the Court of Appeals for the Tenth Circuit indicated *obiter dicta* its disapproval of utilizing a § 881 civil forfeiture proceeding to obtain a preindictment freeze on assets held by suspected drug dealers.

My ruling in this case is contrary to my decision in *United States v. Real Property Located at 7944 South Estes Court, Jefferson County, Colorado et al.*, Case No. 87–C–1202 (D.Colo. Oct. 16, 1987). In the latter case, I ruled in favor of the government and declined to dismiss the § 881 forfeiture proceeding even though no criminal indictment had been filed. I stated from the bench that I simply was at a loss as to what the Court of Appeals meant in the *Canadian Currency* case.

In asking that I reconsider my decision in this case, the plaintiff relies on the language of § 881, that section's legislative history, and other case law precedent. Plaintiff also has filed a motion to amend the complaint.

Claimants to the property have filed a motion opposing the plaintiff's request for reconsideration, and moved to have the seized property returned. Recently, the claimants filed a motion for summary denial of the plaintiff's motion to reconsider.

I have accepted for filing and have reviewed the supporting briefs submitted by the plaintiff and the claimants. The matter is ripe for decision and oral argument would not assist me further.

■ A civil forfeiture proceeding is an *in rem* action that proceeds on the legal fiction that the property itself is guilty of wrongdoing. Although a criminal conviction is not prerequisite to a civil forfeiture proceeding, such a civil proceeding usually involves property that has been used in, or that is related to, a criminal enterprise. *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). Generally, public policy supports use of these statutory schemes in cases involving narcotics violations because they foster the purposes served by the underlying criminal statutes by preventing illicit use of real or personal property and by imposing an economic penalty, rendering unlawful behavior less profitable. *Id.* at 686–87, 94 S.Ct. at 2093–94. The remedial purposes of § 881 civil forfeiture proceedings include "removing the incentive to engage in the drug trade by denying drug dealers the proceeds of ill gotten gains, stripping the drug trade of its instrumentalities, including money, and financing Government programs designed to eliminate drug trafficking." *United States v. Premises Known as 2639 Meetinghouse Road*, 633 F.Supp. 979, 994 (E.D.Pa.1986).

■ In contrast, a criminal forfeiture proceeding is commenced against a person rather than a thing. As with federal criminal forfeiture cases filed pursuant to 21 U.S.C. § 853(a), the action proceeds *in personam* against a defendant in a criminal action and is imposed as a sanction against the convicted defendant. *United States v. $39,000 in Canadian Currency*, 801 F.2d at 1218. In criminal forfeiture actions filed under § 853, transferability of the property in question is frozen upon or prior to the filing of an indictment, subject to certain procedural safeguards required by due process. *Id.* at 1218–19.

As I recognized in my previous order in the instant case, the Court of Appeals for the Tenth Circuit stated in the *Canadian*

*Currency* case "that a criminal, not a civil, forfeiture proceeding is the proper mechanism for obtaining a pre-indictment freeze on the assets of one suspected of drug dealing." *United States v. $152,160.00 United States Currency et al.*, Case No. 87–C–1168, Slip Op. (D.C.Colo. Oct. 12, 1987) at 3 [Available on WESTLAW, 1987 WL 45066].

■ Upon further reflection and study of the matter, however, I find it appropriate to reconsider whether a civil forfeiture action can be maintained prior to initiation of a criminal action.

In *United States v. Dunn*, 802 F.2d 646 (2nd Cir.1986) *cert. denied* —— U.S. ——, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987), the Court of Appeals for the Second Circuit held that § 881 and § 853 are not mutually exclusive. In *Dunn*, the Court of Appeals found it significant that Congress did not repeal or restrict § 881, enacted in 1970, when it enacted § 853 in 1984. *Id.* at 647. Although in *Dunn*, the government initiated civil forfeiture proceedings against the criminal defendant only after an unsuccessful prosecution, I am not persuaded that actions filed under § 881 are so limited. *See, United States v. Nichols*, 654 F.Supp. 1541, 1560 (D.Utah 1987) (stating that the Second Circuit in *Dunn* had simply allowed the government to proceed against the property under § 881 after the jury had determined that the property was not forfeitable under § 853).

Section 881(i) provides that the filing of an indictment or information that is related to a civil forfeiture proceeding shall stay the latter proceeding upon the government's motion and for good cause. The legislative history of the Comprehensive Crime Control Act of 1984 indicates, *inter alia*, that the purpose of § 881(i) is to protect the government from being forced to disclose its criminal case to a defendant prematurely. *See* S.Rep. No. 225, 98th Cong., 2d Sess. Sec. I, *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3182, 3398–99. Section 881(d) states that other laws relating to the seizure and judicial forfeiture of property are valid only "insofar as applicable and not inconsistent with the

provisions ..." of the civil forfeiture statutory scheme. It appears that by enacting these distinct civil forfeiture procedures Congress intended to design a civil remedial sanction separate and apart from the criminal forfeiture provisions. *United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 543–44 (5th Cir.1987).

I remain cognizant, however, of the Tenth Circuit's statement in *Canadian Currency* expressing its concern about the "wholesale use of civil forfeiture proceedings" in situations in which the government "has clearly focused its law enforcement energies and resources upon a person and attempts to restrain his property in anticipation of formal criminal proceedings." *Canadian Currency*, 801 F.2d at 1219 n. 7. The Court of Appeals there found, however, that the government had wrongfully employed *in rem* civil proceedings when its action was punitive and intended as a sanction against the person.

■ No contention of similar wrongful conduct by the government is at issue in this case. The claimants here merely contend that civil forfeiture proceedings cannot be maintained absent the commencement of a criminal prosecution. I disagree, and thus find and conclude that § 853 and § 881 are not mutually exclusive.

■ What concerns me about civil forfeiture actions, however, is that there are no procedural rules specifically designed to govern § 881 cases. *United States v. $38,-000.00 in United States Currency*, 816 F.2d 1538, 1540 (11th Cir.1987). Recently, other courts have expressed concern over the fact that civil forfeitures can be commenced upon the issuance of an *in rem* arrest warrant by the Clerk of the Court

or, alternatively, the property can be seized by the Attorney General without any warrant being issued by a judicial officer. *See* § 881(b).[1] These courts have held that, in § 881 cases, the Fourth Amendment requires a determination of probable cause by a magistrate or other impartial judicial officer prior to issuance of an *in rem* arrest warrant. *See Application of Kingsley*, 614 F.Supp. 219 (D.Mass.1985) *appeal dismissed* 802 F.2d 571 (1st Cir.1986); *United States v. $128,035.00 in U.S. Currency*, 628 F.Supp. 668 (S.D.Ohio 1986) *appeal dismissed* 806 F.2d 262 (6th Cir.1986); *United States v. Real Property Located at 25231 Mammoth Circle*, 659 F.Supp. 925 (C.D.Cal.1987). The Tenth Circuit Court of Appeals expressed no opinion in the *Canadian Currency* case on the Fourth Amendment issues. *Canadian Currency*, 801 F.2d at 1219, n. 8.

Equally significant is the opinion rendered in *United States v. Certain Real Estate Property*, 612 F.Supp. 1492 (S.D. Fla.1985). There, the court ruled that Fifth Amendment due process "minimally requires that no warrant for the arrest *in rem* of real property should issue unless and until a judicial officer has reviewed the complaint in an *ex parte* proceeding and has concluded that [the] complaint sets forth a reasonable basis for believing that the property is subject to forfeiture under section 881(b)." *Id.* at 1497. The court did recognize, however, that exigent circumstances may dictate an exception to the hearing requirement in cases involving the seizure of movable property.

In my opinion, these decisions represent the better view on these issues. This kind of initial probable cause determination by a

---

1. These provisions were described in *United States v. Certain Real Estate Property*, 612 F.Supp. 1492 (S.D.Fla.1985) as follows:

"Section 881(b) thus enables the Attorney General to commence civil forfeiture proceedings in one of two ways. First, if the government lacks probable cause to believe that the subject property has been or is intended to be used in violation of Title 21, then it may initiate the forfeiture proceedings by filing a verified complaint under the maritime rules, ..., and effect seizure pursuant to a warrant of arrest *in rem*. An owner who believes the

seizure unjustified may later contest it in court, at which time the government must establish a reasonable basis for its belief that the property was used or purchased in contravention of the federal drug laws."

"Second, the Attorney General may effect a seizure without either a warrant or exigent circumstances provided he determines there is probable cause to believe that the property has been or is intended to be used in violation of the Act. (citations omitted). Forfeiture proceedings must be instituted 'promptly' thereafter." *Id.* at 1495.

neutral judicial officer, and the rigorous specificity pleading requirement imposed by the *Canadian Currency* case will, on the whole, discourage the "wholesale use of civil forfeiture proceedings" in inappropriate cases.

■ In the instant case, I signed the Order for Arrest of Article *In Rem* after reviewing the plaintiff's verified complaint for forfeiture. The warrant for arrest of article *in rem* was then issued by a Deputy Clerk of the Court. These extraordinary, precautionary steps taken by the government here colorably satisfy any Fourth or Fifth Amendment concerns involving possible constitutional defects in the statutory procedure. *See United States v. A Parcel of Real Property,* 636 F.Supp. 142, 145–146 (N.D.Ill.1986).

■ I thus find and conclude that the procedures employed in this case were satisfactory. However, in future cases, the pre-warrant probable cause determination preferably should be made by a United States Magistrate rather than by a United States District Judge.

Accordingly, it is ORDERED that

(1) the plaintiff's motion for reconsideration is granted; the plaintiff may proceed against the defendant property pursuant to 21 U.S.C. § 881 prior to the commencement of a related criminal action;

(2) the plaintiff's motion for a stay of execution of judgment is denied as moot;

(3) the claimants' motion for return of property, and the claimants' motion for summary denial of the government's motion to reconsider, are denied;

(4) the plaintiff's motion for leave to file an amended complaint is granted.