**UNITED STATES of America, Appellee,**

v.

**Fleet Wallace MAULL, Drexler, Wald & Abramovitz, Appellants.**

**No. 87–1267.**

United States Court of Appeals, Eighth Circuit.

Submitted July 7, 1987.

Decided Aug. 11, 1988.

Rehearing and Rehearing En Banc Denied Sept. 21, 1988.

Stanley L. Drexler, Denver, Colo., for appellant.

Joseph D. Mancano, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

The primary issue before us is whether dismissal of a civil forfeiture action brought under 21 U.S.C. § 881 (1982 & Supp. III 1985) because of the refusal of the United States to amend its complaint bars a later criminal forfeiture proceeding brought under 21 U.S.C. §§ 848 (1982 & Supp. III 1985), 853 (Supp. III 1985). Both forfeitures involved essentially the same property. The district court held that dismissal of the civil forfeiture did not bar the criminal forfeiture. On appeal, Drexler, Wald and Abramovitz, a law firm to whom Fleet W. Maull had delivered notes and deeds of trust on real estate to secure legal expenses and fees, argues that res judicata bars the later criminal forfeiture and that the district court for the Eastern District of Missouri lacked jurisdiction. We affirm the judgment of the district court.

On May 2, 1984, the United States filed a civil forfeiture action under 21 U.S.C. § 881 in the United States District Court for the District of Colorado against four lots of real estate, alleging that Fleet W. Maull, the record owner, purchased the property with proceeds of illegal drug transactions. Maull, his parents, and Drexler, Wald and Abramovitz claimed interests in the property, based in part on a recorded deed of trust securing a note Maull had given as a retainer for attorneys' fees. The government and claimants entered into a stipulation allowing a contract of sale on the real estate to be performed, with the proceeds to be held by the court clerk and distributed at the court's order. The claimants sought dismissal of the action on the ground of lack of specificity, and the dis-

trict court ordered the United States to amend its complaint. *See* Rule E(2)(a), Supplemental Rules for Certain Admiralty and Maritime Claims. The United States declined to comply, as it believed that doing so would prejudice its ongoing criminal investigation of Maull. The action was dismissed under Fed.R.Civ.P. 41(b), and an appeal was taken to the Tenth Circuit, which affirmed. *United States v. Lots 43 through 46,* No. 84-F-930 (D.Colo. Dec. 7, 1984), *aff'd,* No. 84-2707 (10th Cir. Nov. 19, 1986).

Maull was later indicted and convicted in St. Louis, Missouri for violation of 21 U.S.C. § 848, and the conviction was upheld on appeal. *United States v. Maull,* 806 F.2d 1340 (8th Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987). Pursuant to a stipulation of the parties, the district court in Missouri ordered that specific property be forfeited to the United States, including the proceeds of the sale of Maull's Colorado property. *United States v. Maull,* No. 85–113 Cr. (2) (E.D.Mo. Nov. 1, 1985).[1] Drexler then filed the petition in this action, asking the court to vacate its order of forfeiture or to determine that Drexler's interest in the property was not subject to forfeiture under 21 U.S.C. § 853. Drexler argued that the United States had elected to place jurisdiction in the Colorado court and that the criminal forfeiture was barred by the doctrine of res judicata.

The district court looked to *United States v. Dunn,* 802 F.2d 646, 647–48 (2d Cir.1986), *cert. denied,* 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987), to analyze the relationship between civil forfeiture under 21 U.S.C. § 881 and criminal forfeiture under 21 U.S.C. § 853. The court, while stating that the Colorado order was with prejudice, held "that dismissal of the civil forfeiture proceeding, without actual litigation of the facts, does not operate as a bar to a subsequent criminal forfeiture." *United States v. Maull,* No. 85–113 Cr. (2), slip op. at 2 (E.D.Mo. Jan. 2, 1987).

---

1. While the civil proceeding in Colorado involved only these proceeds, the criminal action in Missouri also resulted in the forfeiture of

Maull's interests in a boat known as the "Spice of Life." *Id.,* slip op. at 2.

The court dismissed with prejudice Drexler's petition to vacate the order of forfeiture or to adjudicate Drexler's interest in the property, and Drexler appealed.[2] Shortly thereafter, the district court in Colorado ordered the court clerk to disburse the funds claimed by Drexler to the government, denying Drexler's claimed interest on the basis of the order of the Missouri court. *United States v. Lots 43 through 46*, 694 F.Supp. 1517 (D.Colo.1987), *appeal docketed*, No. 87–1600 (10th Cir. May 1, 1987).

Drexler argues that the dismissal of the civil action is res judicata in this proceeding because the two actions involve the same parties and the same claim, and the dismissal in Colorado was a final judgment on the merits. *See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Drexler specifically contends that under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff's failure to prosecute or comply with an order of the court which results in dismissal is an adjudication on the merits, unless the court otherwise specifies. Drexler also argues that the district court in Missouri lacked jurisdiction to order forfeiture of the property held by the clerk of the Colorado court.

In support of the district court's ruling, the government places substantial reliance on the *Dunn* case cited by the court. In *Dunn*, the Second Circuit determined that "it was not the intent of Congress that the remedies of criminal and civil forfeiture be mutually exclusive." 802 F.2d at 648. *Dunn* examined the legislative history of section 853 in detail, *id.* at 647–48, and concluded that section 853 allowed the use of criminal forfeiture "as a concurrently available alternative" to civil forfeiture under section 881, *id.* at 648. While *Dunn* demonstrates that the later criminal proceeding in this case was not barred by

statute, the decision did not involve any issue of res judicata or collateral estoppel, *id.* at 647, and does not resolve the issues before us.

We are satisfied, however, that the district court did not err in rejecting Drexler's plea of res judicata. The Colorado district court's order of December 7, 1984, does not specify whether the dismissal of the civil forfeiture action was with or without prejudice. While the court relied on Fed.R. Civ.P. 41(b) in dismissing the action, this alone does not resolve the question whether the dismissal was "on the merits" for res judicata purposes. *Knox v. Lichtenstein*, 654 F.2d 19, 22, *reh'g denied and opinion clarified*, 661 F.2d 693 (8th Cir. 1981). *See also Costello v. United States*, 365 U.S. 265, 284–88, 81 S.Ct. 534, 544–46, 5 L.Ed.2d 551 (1961); *Kaspar Wire Works v. Leco Eng'g and Mach.*, 575 F.2d 530, 534–37 (5th Cir.1978). *Cf. Glick v. Ballentine Produce*, 397 F.2d 590, 593 (8th Cir. 1968) (dismissal with prejudice). The district court's later decision on February 25, 1987, ordering disbursement to the United States of the amounts claimed by Drexler on the basis of the Missouri court's order, demonstrates that the Colorado district court did not consider its dismissal a bar to the later criminal forfeiture action. Not only did its February 25 order accord the judgment of the Missouri court full authority and credit, it indeed agreed with the Missouri court's analysis. *United States v. Lots 43 through 46*, 694 F.Supp. at 1517–18. This agreement can only be read as adopting the Missouri court's conclusion that the Colorado decision was not a final judgment having preclusive effect. The district court in Colorado thus effectively clarified the ambiguity in its earlier order and "rebutted the presumption of finality created by Rule 41(b)." *Knox*, 654 F.2d at 22 (relying on discretionary power of federal courts under Fed.R.Civ.P. 60(b)).[3] *See also Knox*, 661

---

**2.** The district court also examined the third party transfer provisions of 21 U.S.C. § 853(c) and (n) and determined that Drexler had "failed to meet its burden to show that it was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under [section 853]." *Maull*, slip op. at 5.

The court also rejected the argument that Congress did not intend to include attorneys' fees within the property subject to forfeiture under section 853. *Id.* at 7–8. These rulings have not been appealed by Drexler.

**3.** *Knox* involved not only dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), but

F.2d at 694. We conclude that the dismissal of the civil action was not a final judgment on the merits, and that res judicata did not bar the criminal forfeiture proceeding. *See Knox,* 654 F.2d at 21–22.

We also reject the argument that the district court in Missouri lacked jurisdiction to order forfeiture of the property held by the clerk of the Colorado district court. Sections 853 and 881 provided concurrent jurisdiction in the two courts over these proceedings. Section 853(*1*) provides for jurisdiction in the district courts "without regard to the location of any property which may be subject to forfeiture * * * or which has been ordered forfeited under this section." Section 881(j) provides that a proceeding for civil forfeiture may be brought in any judicial district where the property is found, in accordance with 28 U.S.C. § 1395(b) (1982), or in the judicial district in which the criminal prosecution is brought. In addition, section 881(i) provides for the stay of pending civil actions when a criminal proceeding is commenced, and this presupposes concurrent jurisdiction. As dismissal of the civil action was not res judicata in the criminal proceeding, the Missouri court retained jurisdiction over the property held by the clerk of the Colorado court and could therefore enter an order of forfeiture regarding the property under 21 U.S.C. § 853(*1*).

The judgment of the district court is affirmed.

ARNOLD, Circuit Judge, dissenting.

I respectfully dissent. I see no escape from the proposition that the Colorado civil proceeding was dismissed with prejudice under Fed.R.Civ.P. 41(b). This adjudication must operate as a bar to the later assertion of the same claim. Here, although the form of the later action was different, criminal as opposed to civil, the same property was involved, the same claimants, and the same underlying purpose: to deprive Maull of the fruits of his crime.

The Court holds that the Colorado dismissal was without prejudice. It relies upon the action of the Colorado District Court, coming after the ruling of the Missouri District Court, ordering the disputed funds disbursed to the government. This action, in my view, in no way shows that the Colorado District Court regarded its earlier judgment as having been entered without prejudice. The Missouri District Court, whose judgment we are now reviewing on appeal, had specifically stated that the earlier dismissal was *with* prejudice. It had ruled for the government on the quite different theory, now properly disavowed by this Court, that an adverse judgment in a civil forfeiture proceeding, even if with prejudice, does not bar a later criminal forfeiture proceeding. The Missouri Court had cited in support of this proposition *United States v. Dunn,* 802 F.2d 646 (2d Cir.1986), *cert. denied,* 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987), which, as this court today acknowledges, is not in point. In *Dunn,* the criminal proceeding was brought first, and the government lost. A later civil proceeding was held not to be barred. The defendant did not even make the res judicata argument, and, if he had, it would have been without merit, because a judgment against the plaintiff in one proceeding (there, a criminal one) in

---

also dismissal for failure to plead fraud with particularity under Fed.R.Civ.P. 9(b). *Knox,* 654 F.2d at 20. The latter ground is directly analogous to the ultimate basis for dismissal under Supplemental Rule E(2)(a) used by the Colorado district court in this case. *See supra* p. 515. Moreover, it is well-established that a Rule 12(b)(6) dismissal is a "judgment on the merits" for res judicata purposes unless the plaintiff is granted leave to amend or the dismissal is reversed on appeal. *See, e.g., Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981); *Carter v. Money Tree Co.,* 532 F.2d 113, 115 (8th Cir.), *cert. denied,* 426 U.S. 925, 96 S.Ct. 2636, 49

L.Ed.2d 380 (1976); *Glick,* 397 F.2d at 593. Thus, the res judicata effect of a dismissal on the pleadings through operation of Rule 41(b) was squarely presented in *Knox,* 654 F.2d at 21–22, and *Knox* is therefore applicable to our resolution of the res judicata issue here.

Because we resolve the res judicata issue on this basis, it is unnecessary to determine whether the civil and criminal forfeiture proceedings involved the same parties or the same cause of action. There is no merit in Drexler's argument that the government was estopped from challenging Drexler's plea of res judicata in this action.

which a greater burden of proof is required is not a bar to a later proceeding (there, a civil one) in which a lesser burden of proof is required. The criminal jury might have ruled against the government's forfeiture claim in *Dunn,* in other words, simply because the claim had not been proved beyond a reasonable doubt. This is not inconsistent with a later finding, made in a civil forfeiture proceeding, that the claim had been established by a preponderance of the evidence.

Thus, when the Colorado District Court ordered the property turned over to the government on the basis of the Missouri District Court's judgment, it was simply bowing to the Missouri District Court's erroneous application of *Dunn.* That judgment, the Colorado District Court might well have felt, was itself res judicata as to the res judicata effect of the earlier Colorado judgment. See *Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939).

The Court cites *Knox v. Lichtenstein,* 654 F.2d 19, 22, *rehearing denied and opinion clarified,* 661 F.2d 693 (8th Cir. 1981), in support of the proposition that the fact that the dismissal was under Rule 41(b) does not alone resolve the question whether it was "on the merits" for res judicata purposes. But *Knox* involved a dismissal under Rule 12(b)(6), and had nothing to do with the effect of Rule 41(b). A dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted is simply a holding that a pleading is insufficient. If leave to amend the pleading is granted, obviously the dismissal is not with prejudice. Here, by contrast, the case is governed by the express words of Rule 41(b). They are as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule

19, operates as an adjudication upon the merits.

The dismissal here was not among the types specified as being without prejudice in the rule, and no one contends that it was. It must therefore have been a dismissal with prejudice, and this Court errs, in my opinion, by not recognizing this fact and giving it its customary legal affect.