935 F.2d 1134
 20 Fed.R.Serv.3d 1356
 UNITED STATES of America, Plaintiff-Appellee,
v.
LOTS 43 THROUGH 46, INCLUDING BLOCK 32 UNIVERSITY PLACE,
BOULDER, COLORADO, also known as 1160 Cascade
Avenue and its Appurtenances and
Contents, Defendants,
and
Drexler, Wald and Abramovitz, P.C., Claimant-Appellant.
 No. 87-1600.
 United States Court of Appeals,
Tenth Circuit.
 June 10, 1991.
 
 Stanley L. Drexler (Benjamin Spitzer, Drexler & Wald, Denver, Colo., was with him on the brief), for claimant-appellant.
 F. Joseph Mackey III, Asst. U.S. Atty., Mountain States Drug Task Force (Robert N. Miller, U.S. Atty., D.Colo., Denver, Colo., was with him on the brief), for plaintiff-appellee.
 Before HOLLOWAY, Chief Judge, BRIGHT* and McWILLIAMS, Circuit Judges.
 HOLLOWAY, Chief Judge.
 
 
 1
 This appeal is from an order for disbursement to the United States of funds held by the Clerk of the United States District Court for the District of Colorado. The order was based on a previous criminal forfeiture order of the United States District Court for the Eastern District of Missouri. The Missouri order followed a criminal conviction and was the result of a criminal forfeiture proceeding under 21 U.S.C. Sec. 848. We affirm.
 
 
 2
 * In 1984 the United States filed a sealed complaint in the United States District Court for the District of Colorado under 21 U.S.C. Sec. 881 (1982 & Supp. III 1985) for the forfeiture of Fleet W. Maull's residence in Boulder, Colorado, located at 1160 Cascade Avenue and consisting of lots 43 through 46, and Block 32, University Place. The civil forfeiture complaint alleged that Maull, the record owner of the property, purchased it with proceeds traceable to illegal drug transactions. I R.Doc. 1.
 
 
 3
 The claimant-appellant, Drexler, Wald and Abramovitz, P.C. (Drexler), filed a claim pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims in the District Court stating an interest in the property derived from a deed of trust given to secure a note for attorney's fees recorded prior to the filing of a lis pendens by the government. I R.Doc. 3. Claims were also filed by other individuals. The government and all claimants entered into a stipulation allowing a pending contract of sale on the real estate to be performed, with the proceeds to be held by the Clerk of the District Court and distributed at the court's order. I R.Doc. 6.
 
 
 4
 The claimants filed motions to dismiss based on the failure of the complaint to satisfy Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which requires a complaint to be stated with sufficient particularity for a claimant to investigate the facts and frame a responsive pleading. The Colorado District Court denied the motions to dismiss but directed the United States to "amend its pleadings to conform to the mandate of Rule E(2)(a)...." I R.Doc. 10. The United States responded that it could not provide any further specificity without jeopardizing an ongoing criminal investigation of Maull. I R.Doc. 11. The District Court subsequently dismissed the complaint under Fed.R.Civ.P. 41(b) for failure to comply with orders of the court. I R.Doc. 12. The dismissal did not specify whether it was to be with or without prejudice.
 
 
 5
 The United States appealed to this court, which affirmed the dismissal of the forfeiture proceeding in an unpublished opinion, United States v. Lots 43 through 46, et al. (No. 84-2707, 10th Cir.1986), I R.Doc. 24, holding that the appeal was governed by the court's opinion in United States v. $39,000 in Canadian Currency, 801 F.2d 1210 (10th Cir.1986). After the filing of that appeal and prior to its disposition, the claimants filed a Motion to Release Funds in the Colorado District Court. The court did not rule on the Motion to Release because it received a temporary restraining order, pursuant to 21 U.S.C. Secs. 848(a) and 853(e) authorizing pretrial protective orders, from the United States District Court for the Eastern District of Missouri which enjoined all claimants from removing any of the funds from the custody of the Colorado Court Clerk. This restraining order was issued in conjunction with a criminal prosecution of Fleet Maull under 21 U.S.C. Sec. 848 and was subsequently extended.
 
 
 6
 Prior to the conclusion of Maull's criminal trial, he and the United States stipulated that if Maull were to be found guilty of violation of 21 U.S.C. Sec. 848(a), all of his assets mentioned in the indictment would be forfeitable to the United States, pursuant to 21 U.S.C. Sec. 848(a). This stipulation eliminated the need to submit separately the issue of criminal forfeiture to the jury for a special verdict.
 
 
 7
 Maull was convicted in the District Court for the Eastern District of Missouri for a variety of offenses involving the importation and distribution of cocaine, including violation of the Travel Act, 18 U.S.C. Sec. 1952, and engaging in a continuing criminal enterprise, 21 U.S.C. Sec. 848, and received lengthy sentences. The conviction of Maull for conspiracy under 21 U.S.C. Sec. 846 was ordered to be vacated and in other respects the conviction was affirmed. United States v. Maull, 806 F.2d 1340, 1346-47 (8th Cir.1986), cert. denied, 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987). The present claimant-appellant Drexler was, of course, not a party to the criminal proceeding itself.
 
 
 8
 Pursuant to the stipulation of Maull and the United States, under the criminal forfeiture procedure the District Court in Missouri ordered the property described in the indictment to be forfeited to the United States, including the proceeds of the sale of Maull's Colorado property. United States v. Maull, No. 85-113 Cr. (2) (E.D.Mo. Nov. 1, 1985). Drexler filed a petition in the District Court in Missouri to vacate the order of forfeiture on the ground that the Missouri court lacked subject matter jurisdiction. This contention was based on the prior dismissal of the civil forfeiture action by the Colorado federal District Court, which Drexler asserted constituted a bar to the Missouri criminal forfeiture proceeding under the principle of res judicata. Drexler alternatively contended that its interest in the funds was not subject to forfeiture under 21 U.S.C. Sec. 853(c) and (n)(6)(B).[1]
 
 
 9
 The Missouri District Court considered United States v. Dunn, 802 F.2d 646, 647-48 (2d Cir.1986), cert. denied, 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987), in analyzing the relationship between civil forfeiture under 21 U.S.C. Sec. 881 and criminal forfeiture under 21 U.S.C. Sec. 853. The court stated that while the Colorado dismissal order was with prejudice, "dismissal of the civil forfeiture proceeding without actual litigation of the facts, does not operate as a bar to a subsequent criminal forfeiture." United States v. Maull, I R.Doc. 26 at 3, No. 85-113 Cr. (2) slip op. at 2 (E.D.Mo. Jan. 2, 1987). Consequently, the court rejected both the objection to subject matter jurisdiction of the Missouri court and the alternative claims of Drexler as a bona fide purchaser of the Boulder real estate. The court dismissed with prejudice Drexler's petition to vacate the criminal forfeiture order and Drexler appealed to the Eighth Circuit.[2]
 
 
 10
 Prior to the Eighth Circuit's decision on that appeal, the District Court in Colorado issued an order following the Missouri District Court's forfeiture order, covering the subject real estate proceeds at issue, for the Court Clerk to disburse the funds claimed by Drexler to the government. United States v. Lots 43 through 46, 694 F.Supp. 1517 (D.Colo.1987). The Colorado District Court's order accorded the Missouri District Court's order "full faith, credit and authority". I R.Doc. 32. Drexler filed the instant appeal from the disbursement order. After the appeal was filed, the Eighth Circuit Court of Appeals affirmed the Missouri District Court's order dismissing Drexler's petition to vacate the criminal forfeiture order of the Missouri Court, one Judge dissenting. United States v. Maull, 855 F.2d 514 (8th Cir.1988).[3]
 
 II
 
 11
 Three closely related claims of error are asserted by claimant-appellant Drexler to challenge the disbursement order of the Colorado District Court. First, claimant Drexler argues that the Colorado court lacked jurisdiction to issue the final order of disbursement because that court had previously entered a contrary final judgment, by its order of dismissal, which operated as an adjudication on the merits. Second, Drexler argues that the government has already pursued and obtained a final and adverse adjudication in the Colorado District Court of its claim to the subject property and is barred from pursuing a second action concerning the same property against the same claimants. Third, Drexler says that the prior dismissal of the civil forfeiture action in Colorado was an adjudication on the merits so that the Missouri criminal forfeiture proceeding was barred under principles of res judicata. The second and third claims question the Missouri federal court's subject matter jurisdiction on the basis of res judicata premised on the dismissal of the Colorado civil forfeiture action under Fed.R.Civ.P. 41(b).
 
 
 12
 While the procedural history of this controversy is complex, we feel the resolution of the remaining question before us is clear. The battle between the Drexler claimants and the government over the proceeds from sale of the Boulder property has raged on in both the Missouri and Colorado federal District Courts, and in the Eighth and Tenth Circuit Courts of Appeal. We are convinced that principles of res judicata require us to uphold the disbursement order of the Colorado District Court, which is the subject of the instant appeal, but on narrow grounds not embracing all contentions of the government.
 
 
 13
 If we were writing on a clean slate we would, in fact, be inclined to views about the case consistent with the persuasive dissent of Judge Arnold from the Eighth Circuit's opinion in United States v. Maull, 855 F.2d 514, 517-518 (8th Cir.1988). He was convinced that the order of dismissal by the Colorado District Court in December 1984 under Rule 41(b) Fed.R.Civ.P., which we affirmed, should be regarded as "with prejudice." Like Judge Arnold, we see no escape from the proposition that the order of dismissal under Rule 41(b), which did not "otherwise specif[y]," operated as an adjudication on the merits with respect to the government's civil forfeiture proceeding in Colorado under 21 U.S.C. Sec. 881. As the dissent pointed out, when the Colorado District Court later ordered the proceeds turned over to the government on the basis of the Missouri District Court's criminal forfeiture order,[4] it was simply bowing to that court's erroneous application of United States v. Dunn, 802 F.2d 646 (2d Cir.1986), cert. denied, 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987). The dissent notes that in Dunn the criminal forfeiture proceeding was brought first, which failed, and the Second Circuit held that a subsequent civil forfeiture proceeding was not barred. The former, in which a greater burden of proof applied, was not a bar to the latter, in which a lesser burden of proof applied. 855 F.2d at 517-518. Our case presents the reverse sequence and the Colorado District Court's dismissal (which we agree with Judge Arnold should be viewed as with prejudice) of the civil forfeiture proceeding in Colorado should have been held to bar the subsequent criminal forfeiture proceeding in Missouri.
 
 
 14
 Nevertheless, this very question of the effect of the Colorado District Court's dismissal order was litigated between Drexler and the government in the District Court for the Eastern District of Missouri. The question was squarely presented by Drexler's petition to vacate the Missouri Court's criminal forfeiture order. The Missouri District Court held "that dismissal of the [Colorado] civil forfeiture proceeding, without actual litigation of the facts, does not operate as a bar to a subsequent criminal forfeiture." United States v. Maull, No. 85-113 Crim. (2), slip op. at 2 (E.D.Mo. 1/2/87). The Eighth Circuit's majority opinion agreed. 855 F.2d at 516-17.
 
 
 15
 Judge Arnold's dissent notes that in ordering the proceeds of the Boulder property turned over to the government, the Colorado District Court might well have felt that the Missouri District Court's determination "was itself res judicata as to the res judicata effect of the earlier Colorado [order of dismissal of the civil forfeiture proceeding]," citing Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939). We agree. The ruling of the Missouri District Court on the effect of the Colorado District Court's order was affirmed and is now final, and we view it as dispositive here.
 
 
 16
 The Supreme Court has long held that jurisdictional issues are not an exception to the principles of res judicata. "One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties." Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 51, 84 L.Ed. 85 (1939) (quoting American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932) (footnotes omitted)). See also Durfee v. Duke, 375 U.S. 106, 113-115, 84 S.Ct. 242, 246-47, 11 L.Ed.2d 186 (1963) (res judicata rule on finality of jurisdictional determinations applies to case involving subject matter jurisdiction over real estate); Baldwin v. Traveling Men's Association, 283 U.S. 522, 524-26, 51 S.Ct. 517, 517-18, 75 L.Ed. 1244 (1931) (res judicata applies where a defendant appears specially to challenge personal jurisdiction, is heard on the issue, and receives adverse ruling so that he is thereafter concluded on the issue).
 
 
 17
 The issue concluded by the Missouri District Court and the Eighth Circuit against Drexler was phrased in terms of subject matter jurisdiction but may also be analyzed, as Judge Arnold's dissent indicates, as being "itself res judicata as to the res judicata effect of the earlier Colorado judgment." 855 F.2d at 518. The preclusive effect vel non of the Colorado District Court's earlier dismissal was itself decided against Drexler by the Missouri District Court and the Eighth Circuit. Therefore, Drexler is now precluded from relitigating here that issue of the preclusive effect of the Colorado Court's dismissal order. Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41, 45-46 (3d Cir.1989); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction Sec. 4404, p. 28 ("The principles of res judicata apply to preclude relitigation of the res judicata issue just as cogently as with any other issue, and perhaps even more cogently.").III
 
 
 18
 Drexler and the government have fully litigated the question of the effect of the Colorado District Court's order of dismissal in the Missouri District Court and the Eighth Circuit Court of Appeals. The issues now pressed by Drexler were there presented in support of Drexler's petition to vacate the order of forfeiture in the Missouri criminal forfeiture proceeding. Drexler's contentions were rejected and the rulings against Drexler are now final. They have determined that there was no bar by virtue of the Colorado District Court's order of dismissal of the civil forfeiture proceeding which precluded the Missouri criminal forfeiture proceeding. Regardless of our disagreement with some of the analysis underlying those determinations, they are conclusive and must be respected by us. Accordingly, the order for disbursement of the proceeds of the real estate is
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Myron H. Bright, United States Circuit Judge, Eighth Circuit, sitting by designation
 
 
 [1]
 See Petition to Vacate Order of Forfeiture and in the Alternative to Adjudicate Petitioner's Interest in Property Subject to Forfeiture, filed by Drexler, Wald & Abramovitz, P.C., at 1, 6. I R.Doc. 23, Ex. H
 Subsections Sec. 853(c) and (n)(6)(B) allow a third party bona fide purchaser to retain his interest in the forfeited property if at the time of purchase he was reasonably without cause to believe the property was subject to forfeiture.
 
 
 [2]
 The court also determined that Drexler had "failed to meet [his] burden" to qualify for a reprieve under 21 U.S.C. Sec. 853(c) and (n)(6)(B). Maull, slip op. at 5
 
 
 [3]
 Upon our request, supplemental briefs were filed by both sides addressing the effect of the Eighth Circuit's opinion on the proceedings before this court
 
 
 [4]
 The Missouri District Court's order directed that the interests of Maull in the real estate, inter alia, were forfeited to the United States pursuant to 21 U.S.C. Sec. 848(a)